GEORGE W. KORN, Respondent, *against* FRANCIS X. SCHEDLER *et al.*, Appellants.

(Decided November 17th, 1882.)

In an action to recover the value of property of the plaintiff stolen while he was dining at the defendants' restaurant in which it is proved that liquors were sold, the court will take judicial notice that liquors could not be legally sold there unless under a license, and that such licenses could be issued only to persons keeping an inn; and will presume, in the absence of evidence to the contrary, that the defendants are innkeepers, and liable as such for the property of guests.

APPEAL from a judgment of a district court in the City of New York.

The facts are stated in the opinion.

*Abram Kling*, for appellants.

*Hathaway & Montgomery*, for respondent.

VAN BRUNT, J.—The question as to the liability of the defendant Wiedemann in this case seems to be settled by the decision of the General Term of this court in the case of *Kopper* v. *Willis* (9 Daly 460), in which it was decided that a party could not be permitted to say that he was keeping a hotel when he was applying for a license to sell liquors, and he was not keeping a hotel when called upon to respond to his liability as a hotel keeper.

There is no evidence whatever showing that Wiedemann carried on any other business separate from that of the restaurant to which his license could apply, and the court must take judicial knowledge of the fact that no liquors could

be legally sold upon said premises, nor could any license be issued for the sale of liquors upon the premises except the same is kept as an inn, tavern or hotel. Therefore, as far as Wiedemann is concerned, he must be held liable under the decision in the case of *Kopper* v. *Willis.*

The law being that no license can issue for the sale of liquors except to a person keeping a hotel, and it being an offense against the law to sell liquors without a license, in the absence of any evidence to the contrary, certainly, where liquors are openly sold, it may be presumed that it is in pursuance of a license rather than that it is done without a license and against the law. The inference then to be drawn from the fact of the selling of liquors is that the parties selling the liquors have a license and have represented themselves as keeping an inn, tavern or hotel so as to be able to procure such license. This being the legitimate inference from the facts established, no evidence has been offered to rebut this presumption.

In the case of *Carpenter* v. *Taylor* (1 Hilt. 193), no inference whatever could be drawn from the fact of the selling of liquors as to the character of the house, and consequently the court held that the burden was upon the plaintiff to show affirmatively the fact that the defendant was keeping a hotel.

In the case at bar the proof shows acts done by the defendants from which we must infer that they were obeying the law and keeping an inn, or that they were violating the law and selling liquors without keeping an inn or having a license therefor. In the absence of all other evidence it must be inferred that the defendants were law-abiding citizens and obeying the law, rather than that they were deliberately violating the law.

We are aware that the defendants claim that Wiedemann alone was the licensee; but the other defendants must be presumed to be acting under his license, and are as much bound by his representations as though they had made them themselves. The defendants cannot take the benefits of the license without sharing in its burdens. They

are presumed to know that the protection of the license required the place in·which the liquors were sold to be an inn, tavern or hotel, and that the license is issued only to the keeper of such an establishment. Therefore, when the defendants Schedler and Weil enter into a business with the defendant Weidemann, a part of which is the selling of liquors under Wiedemann's license, which could only be done by keepers of an inn, tavern or hotel, it must be presumed that the selling of the liquors is only a part of the business of tavern, inn or hotel keepers carried on by all the defendants. This presumption has not been rebutted by the defendants, and no other conclusion can be drawn but that they were acting as hotel keepers and not violating the law.

The judgment must be affirmed, with costs.

J. F. DALY, J., concurred.

Judgment affirmed, with costs.