THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID STEVENSON BREWING COMPANY, Appellant, *v.* HENRY H. LYMAN, State Commissioner of Excise, Respondent.

*Surrender of a liquor tax certificate — the burden of proving the facts required to be stated in the application therefor rests on the person seeking to surrender it.*

Section 25 of the Liquor Tax Law (Laws of 1896, chap. 112, as amd. by Laws of 1897, chap. 312), which provides that if the holder of a liquor tax certificate shall surrender the certificate to the officer who executed the same and shall present to such officer a verified petition setting forth certain facts, *inter alia* that the holder has voluntarily ceased to traffic in liquors, such officer shall execute duplicate receipts for the *pro rata* rebate on the certificate, does not operate to make the execution of the duplicate receipts an adjudication of the

truth of the allegations contained in the petition, which will be binding upon the State Commissioner of Excise, who is charged with the duty of paying the rebate.

Where, upon the refusal of the State Commissioner of Excise to pay the amount called for by the duplicate receipts, issued to an assignee of the original holder of the license, the assignee procures an alternative writ of mandamus addressed to the State Commissioner of Excise, which alleges, among other things, that the holder had voluntarily ceased to traffic in liquors prior to the surrender of the said certificate, and that since such surrender he had not been arrested or indicted for any violation of the Liquor Tax Law, and the State Commissioner of Excise serves a return containing a denial of such allegations, it is incumbent upon the assignee to establish the truth of the allegations.

LAUGHLIN, J., dissented.

APPEAL by the relator, the David Stevenson Brewing Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of February, 1901, upon an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of January, 1901, dismissing an alternative writ of mandamus after a trial at the New York Trial Term.

On or about the 29th day of April, 1898, the Special Deputy Commissioner of Excise for the boroughs of Manhattan and the Bronx, upon payment to him of the sum of $800, issued liquor tax certificate No. 3,563 to one John Michels, permitting the traffic in liquors at No. 2068 Amsterdam avenue, in the borough of Manhattan, city of New York, for the year ending April 30, 1899. Thereafter, and prior to the 1st of March, 1899, the said John Michels duly assigned and transferred to the relator all his right, title and interest in and to the rebate for the unearned portion of the said liquor tax certificate and authorized the relator to surrender the said certificate for cancellation at any time at its option, and created it his attorney to execute all papers necessary for the purpose of effecting such surrender, and to take such proceedings to recover the amount of such rebate as might be required. On or about the said 1st day of March, 1899, the said Special Deputy Commissioner of Excise was presented with said certificate and with a petition duly verified by relator, as the attorney in fact of the said John Michels, setting forth all the facts required to be shown upon a surrender of a certificate. Thereupon, the said Special Deputy Commissioner of Excise duly

executed duplicate receipts showing the amount of the rebate and the other facts required by section 25 of chapter 112 of the Laws of 1896, as amended by chapter 312 of the Laws of 1897, and delivered the same as required by said act. After thirty days had elapsed since such surrender, the relator demanded from the State Commissioner of Excise the amount of such rebate, but he refused to pay the same.

The relator thereupon moved upon affidavits for a peremptory writ of mandamus. This motion was denied, but an alternative writ was allowed to issue. This writ contained allegations setting forth all the above facts, and also alleged that Michels had voluntarily ceased to traffic in liquors prior to the surrender of the said certificate, and that since the surrender he had not been arrested or indicted for any violation of the Liquor Tax Law, etc.

The return denied that Michels had voluntarily ceased to traffic in liquors at the time said surrender of his certificate was made, and denied that he had not been arrested or indicted for a violation of the Liquor Tax Law since the surrender of the certificate, as alleged in the alternative writ. The return made also the positive allegation that he had been indicted for such an offense.

The issues thus formed by the alternative writ of mandamus and the return thereto were then duly sent to the Trial Term for trial. When the trial was brought on, the defendant claimed that the burden of showing that Michels had ceased to traffic in liquor rested with the relator. The relator claimed that the burden of showing that it was not entitled to the rebate was with the defendant. The court held that the burden was on the relator to show that Michels had voluntarily ceased to traffic in liquors for the term for which said certificate was issued. To this ruling the relator duly excepted, and put in evidence formal proof to show that he had taken all the steps to entitle it to rebate, and rested.

The court thereupon directed the jury to find certain facts, among which was one to the effect that Michels had not voluntarily ceased to traffic in liquors under said certificate for the term for which said certificate was issued. Said verdict being certified to the Special Term, such proceedings were thereupon had that the alternative writ of mandamus was dismissed upon the merits, and from such dismissal this appeal is taken.

PEOPLE ex rel. STEVENSON CO. v. LYMAN. 449

App. Div.]     First Department, January Term, 1902.

*William G. McCrea,* for the appellant.

*N. N. Stranahan,* for the respondent.

Van Brunt, P. J.:

It does not seem that there was necessarily any question involved upon the trial of the issues raised by the alternative writ and the return as to upon whom the burden of proof rested as to events occurring after the surrender of the certificate. The right of the relator to the rebate having been denied by the return it was bound to show by proof or admissions upon the record that the holder of the liquor license and his attorney had done all that the law required as conditions precedent to the right to claim such rebate.

It was admitted upon the record that the license had been surrendered and the proper petition filed with the Deputy Commissioner of Excise, and that such Deputy Commissioner had issued the receipt required by law, but the return denied, as it was alleged in the alternative writ, that the holder of the license had voluntarily ceased to traffic in liquors before the surrender of the certificate, and, therefore, claimed that the relator was not entitled to recover the rebate.

It is to be observed that to entitle the holder of a liquor license to surrender the same he must, prior to such tender of surrender, voluntarily have ceased to traffic in liquors.

The existence of this fact is a condition precedent to the right to a rebate, and we cannot find any provision of the statute which makes any action upon the part of the Deputy Commissioner an adjudication upon that subject. According to the statute when a petition is presented to the Deputy Commissioner showing all the facts required to be shown upon such application, he is directed by the statute to issue the receipts required by law. He is not given any power to pass upon the question of the truth of the facts set forth in the petition, and his action in issuing the receipt cannot have that effect. This would seem to be apparent from a reading of the statute. Leaving out those provisions that have no relevancy to the present case, it reads as follows:

"§ 25. If a * * * person holding a liquor tax certificate and authorized to sell liquors under the provisions of this act, * * *

450 PEOPLE ex rel. STEVENSON CO. *v.* LYMAN.

First Department, January Term, 1902.     [Vol. 67.

shall voluntarily * * * cease to traffic in liquors during the term for which the tax is paid under such certificate, such * * * person or their * duly authorized attorney may surrender such tax certificate to the officer who issued the same * * *, and at the same time shall present to such officer a verified petition setting forth all facts required to be shown upon such application. Said officer shall thereupon compute the amount of *pro rata* rebate then due on said certificate for the unexpired term thereof, and shall execute duplicate receipts therefor. * * * One of such receipts said officer shall deliver to the person entitled thereto, and the other of such receipts he shall immediately transmit, with the surrendered certificate and the petition for the cancellation thereof, to the state commissioner of excise."

There is evidently no judicial duty imposed by the foregoing provision of the law upon the Deputy Commissioner. When the certificate is presented to him with a petition setting forth all the required facts he must issue his receipts. There is no power given to him to pass upon the truth of the allegations in the petition, and although undoubtedly if he refused to issue a receipt, he could not be compelled to do so unless the applicant showed that the conditions precedent to the issuance of a receipt had been fulfilled, yet we cannot find anywhere in the statute any authority upon his part to pass upon that question, or to make any admissions relating thereto which will be binding upon the State Commissioner. The State Commissioner is the only one who is empowered to act finally in the matter. When the claimant of a rebate comes to him and demands his rebate, he certainly has the right to demand proof of the fact that the requirements of the law have been complied with. Until they are shown to have existed, no right to a rebate is given by the statute.

The whole foundation of the claimant's demand is based upon the fact that he has, prior to the tender for surrender of his license, voluntarily ceased to traffic in liquors. If he has not, then he has no claim. The statute giving the Deputy Commissioner no power to pass upon this question or even to demand proof upon the subject, it certainly must have been intended that the officer who is to pay the rebate claimed should have the power to demand proof of

---

* *Sic.*

the right to such rebate. It seems to me that the right to the rebate is to be construed as resting upon a contract between the licensee and the State. If such is the case, clearly the party claiming must show compliance with all conditions precedent.

There is no question of imputing to a man a crime in requiring him to show compliance with the conditions precedent found in a statute any more than there would be in requiring a man to prove the execution of a contract which has been denied in an answer to a sworn complaint. The claimant comes into court and demands his rebate, alleging that he has done everything to entitle him to such rebate. The State Commissioner says: "You are not entitled to it because you did not cease to traffic in liquors before you presented your certificate for surrender, which is one of the conditions precedent to your being allowed any rebate." Upon whom does the burden of proof lie? Clearly the claimant must prove his case, as in the case of any other contract.

The case of *People ex rel. Brewing Co.* v. *Lyman* (53 App. Div. 470) may seem upon a cursory examination to be contrary to our view, but no such question was raised in that case, and the remark of the learned justice who wrote the opinion in that case was clearly not considered material.

The order should be affirmed, with costs.

PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

The proceeding was instituted for the purpose of obtaining a peremptory writ of mandamus to compel the payment of a rebate on liquor tax certificate No. 3,563, issued to John Michels on the 29th day of April, 1898, by the Special Deputy Commissioner of Excise for the Boroughs of Manhattan and the Bronx. The liquor tax certificate authorized the trafficking in liquor at premises No. 2068 Amsterdam avenue, and was duly assigned to the relator, a domestic corporation, by Michels on the 2d day of May, 1898, by an instrument in writing which authorized and empowered it as his attorney in fact to surrender the certificate for cancellation at any time and to obtain the rebate thereon. On the 1st day of March, 1899, the relator acting under said power of attorney, removed the

certificate from the place where it authorized trafficking in liquor, and as the agent and in the name of Michels surrendered the same to the Special Deputy Commissioner of Excise. A petition for the rebate in the proper form, setting forth the facts required to be shown by section 25 of the Liquor Tax Law (Laws of 1896, chap. 112, as amd. by Laws of 1897, chap. 312) and, among other things, that the petitioner had voluntarily ceased to traffic in liquor, accompanied said surrender. Thereupon the relator received from said Special Deputy a receipt for the payment of the *pro rata* rebate amount of the tax paid for the unexpired term of such certificate, as provided in said section. Another duplicate receipt, together with the certificate and petition, the assignment and power of attorney from Michels to the relator, were forwarded to the Commissioner of Excise.

The application for the writ of mandamus was originally noticed for the 5th day of July, 1899, upon an affidavit and exhibits annexed, showing these facts and that the Commissioner of Excise had refused to pay the rebate or to deliver to the relator two orders for the payment of the same, as prescribed in said section 25 of the Liquor Tax Law. The respondent presented in opposition to the motion affidavits denying the allegations of the moving papers to the effect that Michels voluntarily ceased to traffic in liquor, and that he had not been arrested or indicted for a violation of the Liquor Tax Law since the surrender of the certificate, and alleging that he had continued to traffic in liquor and had sold liquor on the licensed premises on the 9th day of March, 1899; that he had been indicted therefor, and that the indictment was pending and undetermined.

The motion for a peremptory writ was denied, but an alternative writ was granted. The alternative writ set forth substantially the same facts as were shown by the moving papers, and, among others, that Michels voluntarily ceased to traffic in liquor at the time of surrendering the certificate for cancellation, and that since surrendering the certificate he had not been arrested or indicted for violating the Liquor Tax Law, and that no proceeding had been instituted for the cancellation of said certificate and no action had been commenced against him for penalties. The return denied that Michels had not been arrested or indicted as alleged and that he had voluntarily ceased to traffic in liquors, and alleged that he continued

PEOPLE ex rel. STEVENSON CO. v. LYMAN. 453

App. Div.]        First Department, January Term, 1902.

to traffic therein after the surrender of the certificate and made sales of liquor on the 9th day of March, 1899.

Upon the trial of the issues raised by the return to the alternative writ the relator put in evidence the petition accompanying the surrender of the liquor tax certificate, the certificate, the assignment thereof, and the receipt for the rebate and thereupon rested. This constituted the only evidence offered by either party. The court ruled that the burden was upon the relator to prove that Michels voluntarily ceased to traffic in liquor under the certificate, and directed a verdict making specific findings of fact in accordance with the allegations of the alternative writ, except that one of such findings was to the effect that Michels had not voluntarily ceased to traffic in liquor under the certificate for the term for which it was issued. To such ruling of the court as to the burden of proof and to the direction of the verdict in the regard last specified the counsel for the relator duly excepted.

The verdict, as directed, finds that at the time the liquor tax certificate was surrendered for cancellation there was no complaint, prosecution or action pending on account of a violation of the Liquor Tax Law; that since its surrender Michels has neither been arrested nor indicted for a violation of the Liquor Tax Law, and that no proceedings have been instituted for the cancellation of the certificate; that no action has been commenced against him for penalties, and that after the lapse of thirty days from the surrender of the certificate and before the commencement of this proceeding, demand for the payment of said rebate was duly made on the respondent.

Inasmuch as the respondent did not move to set aside the verdict, but, on the contrary, moved at Special Term for the dismissal of the proceeding upon the verdict, and has not appealed, the findings, at least so far as they are not challenged by the appellant, must be deemed conclusive. We are at liberty, however, to review the appellant's exceptions to the rulings of the court as to the burden of proof and to the direction of a verdict adversely to him as to the cessation of traffic. (*People ex rel. Coveney* v. *Kearny*, 44 App. Div. 449; *People ex rel. Boyd* v. *Hertle*, 46 id. 505.)

The sole question for determination is, therefore, whether the removal of a liquor tax certificate from the place of business where

454 PEOPLE ex rel. STEVENSON CO. *v.* LYMAN.

FIRST DEPARTMENT, JANUARY TERM, 1902. [Vol. 67.

it authorized the trafficking in liquor by the person to whom it was issued, or his duly authorized agent, and the surrender thereof to the Excise Commissioner, or his deputy, in the form and manner prescribed by section 25 of the Liquor Tax Law, and the issue by the latter to the former holder of the certificate of a rebate except as prescribed by law, where at the time of such surrender there was no complaint, prosecution or action pending against the holder of the certificate for any violation of the Liquor Tax Law, is *prima facie* evidence that the holder of the certificate has voluntarily ceased to traffic in liquor. Upon the surrender of the certificate the authority of the licensee to traffic in liquor ceased. He had no more right thereafter to sell liquor than if the certificate had never been issued. (*Lyman* v. *Cheever*, 168 N. Y. 43.) The sale of liquor, without having a liquor tax certificate and without having it posted in the place where the liquor traffic is carried on, is not only prohibited by law but it is a crime. (Liquor Tax Law, §§ 11, 21, 31, 34, 42 ; Penal Code, § 3.) The presumption of innocence of crime prevails not only in criminal prosecutions but in civil actions as well. This presumption, in the absence of other evidence, not only forbade the finding made by the jury, but, in such circumstances, required a finding in favor of appellant. In this state of the record he was entitled to the presumption that he was not endeavoring to obtain the rebate fraudulently by pretending to have ceased trafficking in liquor and that he was not continuing the business in defiance of the law. (*Korn* v. *Schedler*, 11 Daly, 234 ; *Grant* v. *Riley*, 15 App. Div. 190, 192 ; *Bayliss* v. *Cockcroft*, 81 N. Y. 363 ; *Matter of Fleming*, 5 App. Div. 190 ; *Hewlett* v. *Hewlett*, 4 Edw. Ch. 7 ; *Louisville, New Albany & Chicago Ry. Co.* v. *Thompson, Admr.*, 107 Ind. 442 ; *Case* v. *Case*, 17 Cal. 598 ; Best Ev. [Chamberl. 8th ed.] § 334 ; Lawson Presump. Ev. [2d ed.] 112.) There is an exception to the rule that innocence is presumed and that the party asserting the contrary must establish it by proof, in cases where no hardship will be imposed upon a party by requiring him to show, as by a license or otherwise, that he is relieved from a general inhibition of a statute. (*Potter* v. *Deyo*, 19 Wend. 361 ; *People* v. *Nyce*, 34 Hun, 298 ; *People* v. *Cramer*, 22 App. Div. 189.) The cases that fall within the exception are not applicable here. In those cases the act or conduct which is forbidden by the

law is required to be shown, and it is incumbent upon the party affected to show, by license or otherwise, that he is exempted from the operation of the law. The case at bar has been tried upon the theory that the presumption is that appellant is guilty, and guilt has been found without the introduction of any evidence.

We do not consider these views in conflict with the decision of the Court of Appeals in *People ex rel. Frank Brewery* v. *Cullinan* (168 N. Y. 258). The question of burden of proof does not appear to have been considered by the court in that case. There the licensee was under arrest for a violation of the Excise Law at the time he obtained the certificate and the prosecution was pending when the application was made for the rebate. The court held that the property right in the rebate does not attach where there is an arrest or indictment or other prosecution specified in the statute, pending at the time of the surrender of the certificate or within thirty days thereafter, and observed that the conditions specified in section 25 of the Liquor Tax Law, upon which the right to the rebate depended, are conditions precedent. The conditions discussed by the court related to the pendency of a criminal prosecution. The Legislature expressly required proof to be made on application for the rebate that there was no complaint, prosecution or action pending against the licensee on account of a violation of the Liquor Tax Law, and it may well be that where it becomes necessary to apply to the courts to collect the rebate after the lapse of thirty days, that it is incumbent on the applicant to show that he has not been arrested or indicted for a violation of the Liquor Tax Law and that proceedings have not been instituted for the cancellation of such certificate and that no action has been commenced against him for penalties. In order to prevent an erroneous or illegal payment of rebates, it may be that these provisions of the statute should be construed as conditions precedent to be shown by the holder of the liquor tax certificate. It is eminently proper to require the licensee to inform the department and to show on an application to the court whether a proceeding, civil or criminal, has been instituted which may affect his right to the rebate. Proceedings of both classes might be instituted without the knowledge of the Excise Department. It is quite another thing, however, to hold that a licensee after surrendering his certificate is presumed to

456  PEOPLE ex rel. STEVENSON CO. *v.* LYMAN.

FIRST DEPARTMENT, JANUARY TERM, 1902.          [Vol. 67.

have continued the business without authority and in defiance of the law, and that the burden is on him to establish innocence.

Authority for this requirement is attempted to be spelled out of the language of section 25 of the Liquor Tax Law relating to the voluntary cessation of liquor traffic. It is manifest that the object of the Legislature was not to require proof that the licensee had ceased to traffic in liquor, which would be sufficiently shown by the fact that he had taken down the liquor tax certificate and surrendered it for cancellation, and the fact that any further sales would render him liable to prosecution and punishment, but that the prosecution was voluntary, as distinguished from duress of a criminal prosecution or a proceeding to forfeit the certificate. This provision of the statute was, I think, merely designed to prevent the surrender of the certificate and the recovery of the rebate if a complaint, either civil or criminal, has been made and is pending against the holder of the certificate on account of a violation of the Liquor Tax Law which may result in a forfeiture of his right of recovery. The statute does not require the cessation of traffic for any particular length of time before surrendering the certificate, nor does it require the licensee to promise that he will not continue the business in the future. Until the very moment that he removes the certificate he is permitted to continue his business without cessation, or any evidence of his intention to cease traffic. It seems to me quite clear, therefore, that the purpose of the statute was to require proof of the nature of the cessation rather than of the fact that the licensee had ceased to traffic.

I think that this construction of the statute is sustained by *People ex rel. Brewing Co.* v. *Lyman* (53 App. Div. 470). That was a proceeding similar to this, and the only evidence of a voluntary cessation of traffic was the surrender of the certificate and the issue of the receipt for the rebate. A preliminary objection specifically pointing out that there was nothing to show a voluntary cessation of traffic was overruled, and without further proof a peremptory writ requiring the payment of the rebate was granted. This ruling was sustained on appeal. It is proper to observe that we do not agree with appellant's construction that proof of sales during the thirty days would be no defense, inasmuch as no action or proceeding, civil or criminal, affecting its right to the rebate was commenced or

instituted during the thirty days succeeding the surrender of the certificate. The Court of Appeals has held otherwise. (*People ex rel. Frank Brewery* v. *Cullinan, supra.*)

I am of opinion that the order appealed from should be reversed, the verdict set aside and a new trial granted, with costs to appellant to abide the event.

Order affirmed, with costs.