PEOPLE ex rel. A. HUPFEL'S SONS v. CULLINAN, State
Excise Com'r.

(Supreme Court, Appellate Division, First Department.   June 29, 1904.)

1. LIQUOR TAX CERTIFICATE—SURRENDER—REBATE—NECESSARY SHOWING.
    Under Liquor Tax Law, Laws 1903, p. 1122, c. 486, § 25, authorizing rebate on surrender of a liquor tax certificate in case no prosecution, action, indictment, or other proceeding is pending against the holder, and if he shall not have violated any provision of the liquor tax law during the year for which the certificate was issued, the mere fact that on the surrender of a certificate no prosecution is pending against the holder does not entitle him to a rebate, unless he is also guiltless of any violation of the liquor tax law during the year.

2. SAME—MANDAMUS.
    The return to a petition for mandamus to compel the State Commissioner of Excise to issue orders authorizing the payment of a receipt for rebate for the unexpired term of a surrendered liquor tax certificate denied that the holder had been guiltless of any violation of the liquor tax law.   Held that, as petitioner's right to a rebate depended upon proof that he had complied with the law, a peremptory writ of mandamus could not issue on the face of the issues raised.

Appeal from Special Term, New York County.

Mandamus by the people, on relation of A. Hupfel's Sons, against Patrick W. Cullinan, State Commissioner of Excise, to compel respondent to issue orders for the payment of rebates on the cancellation of liquor tax certificates.   From an order granting a peremptory writ, respondent appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Herbert H. Kellogg, for appellant.
A. Benedict, for respondent.

HATCH, J. It appeared by the petition presented to the Deputy State Commissioner of Excise by the respondent, that a liquor tax certificate was issued in April, 1903, to Mary Stark; that the same was thereafter duly assigned to the relator, which assignment contained a provision authorizing the relator to make a surrender of the certificate and collect any rebates due thereon. It was further averred that prior to November 1, 1903, Mary Stark ceased to traffic in liquor, and thereupon delivered the certificate to the relator, who, on November 2, 1903, surrendered such certificate to the Special Deputy Commissioner of Excise, who issued the same, and demanded the issuance of a receipt for the payment of the rebate for the unexpired term of the certificate, pursuant to the provisions of section 25 of the liquor tax law, as amended by chapter 486, p. 1122, of the Laws of 1903. The Special Deputy Commissioner thereupon issued to the relator the duplicate receipts provided for in the act, and, upon demand for payment thereunder, the State Commissioner of Excise refused to issue the orders authorizing payment, whereupon this proceeding was instituted.

The return to the petition upon which the writ was granted put in issue the averment of the relator that Mary Stark, and all persons under her, voluntarily ceased to traffic in liquor for the term for which the tax was paid under the certificate. It also put in issue the averment of the petition that, at the time the certificate was delivered to the Special Deputy Commissioner, no complaint, prosecution, or action was pending on account of any violation of the liquor tax law by Mary Stark; and also the averment that the said Mary Stark had not, up to the time of the surrender of the certificate, violated any of the provisions of the liquor tax law for the excise year for which such certificate was issued.

The learned court at Special Term held that it was the intention of the Legislature to give to the holder of a liquor tax certificate the "absolute right to apply for a rebate, unless there was, at the time of the surrender of the license, an indictment, complaint, prosecution, action, or other proceeding against the holder for a violation of the license law; and that the rebate was to be paid in every case, unless the same was forfeited by proceedings under the provisions of section 25 of the act." This holding cannot be sustained. The right to the rebate is not dependent upon the existence of an indictment, complaint, prosecution, action, or other proceeding for a violation of the liquor tax law at the time that the surrender is made. On the contrary, by the express provisions of the statute, such condition must not only exist at the time of the surrender, but it is also required that the holder "shall not have violated any provision of the liquor tax law during the excise year for which such certificate was issued." By the terms of the statute, therefore, it is made a condition precedent that there shall have been no violation of the liquor tax law during the excise year for which it was issued, and that there have been no violations prior to the time when the holder ceases to traffic in liquor. If the construction suggested by the learned court below obtain, it would necessarily follow that the

holder of a certificate might violate every provision of the liquor tax law and still obtain a rebate at the time of the surrender, based upon the condition that up to that time violations of law had not been discovered, and therefore no proceedings as authorized by the act had been instituted. Such is neither the reading nor the construction of the act. On the contrary, its purpose is plain to compel obedience to the mandates of the statute, and the right to the rebate is dependent upon making proof of such obedience, and not upon the existence or nonexistence of proceedings authorized by the act for the enforcement of its provisions. It has been settled by decisive authority that the relation which exists between the holder of a certificate and the state is contractual, and is subject, in disposition of rights thereunder, to the establishment of a right to recover pursuant to the terms of the statute. People ex rel. Stephenson Co. v. Lyman, 67 App. Div. 446, 73 N. Y. Supp. 987; People ex rel. Stephenson Co. v. Lyman, 69 App. Div. 406, 74 N. Y. Supp. 1104. In the first of these cases adjudication was had in this Department, and the last in the Second Department. Both cases were affirmed in the Court of Appeals (173 N. Y. 604, 605, 66 N. E. 1114) upon the opinion of Presiding Justice Van Brunt, delivered in the court below. In the present proceeding, as we have already observed, the right to the rebate averred to exist in the petition is put in issue by the return. Therefore it devolved upon the relator to establish, as a condition precedent, that he had made compliance with the liquor tax law, and, as this is necessarily dependent upon the proof which he is able to make, it follows that a peremptory writ of mandamus could not issue in the face of the issues thus raised.

The order granting the peremptory writ should therefore be reversed. As, however, the relator is entitled to an opportunity to establish a case entitling him to the rebate, it is proper that an alternative writ should be granted. Thereunder the questions put in issue by the petition and the return may be litigated. The order should therefore be reversed, with costs and disbursements, with leave to apply at Special Term for the issuance of an alternative writ. All concur.