(117 App. Div. 539)

PEOPLE ex rel. FERDINAND MUNCH BREWERY v. CLEMENT, State Excise Com'r.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

MANDAMUS—PEREMPTORY WRIT—INTOXICATING LIQUORS—REBATE ON SURRENDER OF CERTIFICATE.

Laws 1896, c. 112, p. 67, § 25, as amended by Laws 1903, p. 284, c. 115, provides that if a person holding a liquor tax certificate, against whom no complaint, prosecution, or action is pending for any violation thereof, and who shall not have violated any provision of the liquor law during the year for which the certificate was issued, shall voluntarily, and before arrest or indictment for a violation of the law, cease to traffic in liquor, he may surrender such certificate and receive a rebate therefor. In mandamus to compel the commissioners of excise to grant a rebate on the surrender of a certificate, the petition alleged that at the time of the surrender of the certificate no complaint was pending, etc., except that an employé of the holder was convicted of selling liquor on Sunday. Held that, inasmuch as the answer of the commissioner denied that no complaint, prosecution, or action was pending on account of violations by the holder of the certificate, or on account of a violation of the law, and denied that the holder had not violated the law during the excise year, it was error to grant a peremptory writ of mandamus, but an alternative writ should have been granted.

Appeal from Special Term, New York County.

Mandamus on the relation of the Ferdinand Munch Brewery to compel Maynard N. Clement, as state commissioner of excise, to prepare and execute orders for the payment of a rebate on the surrender of a liquor tax certificate. From an order granting a peremptory writ, the commissioner appeals. Reversed, and alternative writ granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herbert H. Kellogg, for appellant.

Holm, Smith, Whitlock & Scarff (Victor E. Whitlock, of counsel), for respondent.

CLARKE, J. It appeared from the petition that the relator, the Ferdinand Munch Brewery, brought this proceeding as the assignee and attorney in fact of Rosa Tubbiolo, to whom a liquor tax certificate issued to Frances Gagliano had been transferred, to obtain a mandamus directing the state commissioner of excise to prepare and issue two orders for the payment of the rebate claimed to be due upon said liquor tax certificate, which had been surrendered. After setting up the form-

al facts, about which there is no dispute, showing that the amount of the rebate for the unexpired term had been duly computed at the sum of $485, the petition alleged, in paragraph 11:

"Upon information and belief, that at the time of the surrender of said liquor tax certificate, no complaint, prosecution, or action was pending on account of any violations thereof against the aforesaid Frances Gagliano or Rosa Tubbiolo, or your petitioner, the persons holding the said certificate, or who have held the said certificate, nor was any complaint, prosecution, or action pending on account of any violations of the liquor tax law, and that neither said Frances Gagliano nor Rosa Tubbiolo had been arrested nor indicted for any violation of the liquor tax law; and that no one of the aforesaid holders of the said certificate has violated any provision of the liquor tax law during the excise year for which such certificate was issued, except, however, that on or about the 10th day of September, 1905, one Bruschi Natale, an agent and employé of the aforesaid Rosa Tubbiolo, who was at that time the holder of the aforesaid certificate, was arrested for a violation of the liquor tax law, charged with selling liquors on a Sunday, in violation of the statute, and was thereafter duly tried and convicted of said offense in the Court of Special Sessions of the borough of Manhattan, city of New York, and sentence was suspended; and, upon information and belief, that there has been no other violation or conviction of any agent or employé of the holder of said certificate."

The answer puts in issue the following material allegations of the petition: The commissioner denies knowledge or information sufficient to form a belief as to whether or not, prior to the 1st day of December, 1905, Frances Gagliano and Rosa Tubbiolo, and all persons under either of them, voluntarily ceased to traffic in liquors during the term for which the tax was paid under the said certificate. He denies the allegations, contained in paragraph 11 of the petition, "that at the time of the surrender of said liquor tax certificate no complaint, prosecution, or action was pending on account of any violations thereof by Frances Gagliano or Rosa Tubbiolo, or your petitioner, the persons holding the said certificate, or who have held the said certificate, nor was any complaint, prosecution, or action pending on account of any violations of the liquor tax law," and denies specifically that no one of the aforesaid holders of the certificate has violated any provision of the liquor tax law during the excise year for which said certificate was issued. The answer admits the allegations in the eleventh paragraph as to the conviction of Natale, the agent and employé of Tubbiolo, and denies any knowledge or information sufficient to form a belief as to whether there have been any other violations or any other conviction of any agent or employé of the holder of said certificate. For a further separate and affirmative defense the commissioner affirmatively alleges that on Sunday, the 10th of September, 1905, and during the excise year for which said certificate was issued, the said Rosa Tubbiolo, then the holder of said liquor tax certificate, personally and by her agents, servants, bartenders, and persons in charge of said premises at the place designated in said liquor tax certificate as the place in which traffic in liquor was to be carried on thereunder, namely, 316 East Thirty-Ninth street, borough of Manhattan, New York City, did wrongfully and unlawfully traffic in liquor by selling to William H. Lott one glass of lager beer, to be, and which was, drunk in the premises by said William H. Lott. He further sets forth the conviction of

Natale, and attaches an extract of the minutes of the Court of Special Sessions showing said conviction, and the affidavit of William H. Lott, the complaining witness, upon said prosecution.

Section 25 of the liquor tax law (chapter 112, p. 67, of the Laws of 1896), as amended by chapter 115, p. 284, of the Laws of 1903, provides that, "if a person holding a liquor tax certificate and authorized to sell liquors under the provisions of this act, against whom no complaint, prosecution or action is pending on account of any violation thereof, and who shall not have violated any provision of the liquor tax law during the excise year for which such certificate was issued, shall voluntarily, and before arrest or indictment for a violation of the liquor tax law, cease to traffic in liquors during the term for which the tax is paid under such certificate, such person or his duly authorized attorney may surrender such tax certificate," provided that such certificate shall have at least one month to run, and shall receive a rebate therefor. This right to a rebate is to be construed as resting upon a contract between the licensee and the state. People ex rel. Stevenson v. Lyman, 67 App. Div. 451, 73 N. Y. Supp. 987. To entitle the holder to the rebate, there are certain conditions precedent, the fulfillment of which must be completed at the time of the surrender; and, being conditions precedent, their fulfillment must be alleged, and the burden of establishing them is upon the certificate holder. These conditions are as follows: First, there must be no complaint, prosecution, or action pending on account of a violation of the liquor tax law; second, the person surrendering must not have violated any provision of the liquor tax law during the excise year for which this certificate was issued; third, the certificate must be surrendered before arrest or indictment for a violation of the liquor tax law; and, fourth, the person surrendering must have ceased to traffic in liquors in the term for which the tax was paid.

As to the first of these conditions, the Court of Appeals said, in People ex rel. Frank Brewery v. Cullinan, 168 N. Y. 258, 61 N. E. 243:

"Upon a careful consideration of the provisions of this statute, it is apparent that the conditions imposed are conditions precedent, and that the property right and the rebate does not attach if there is an arrest or indictment or other prosecution provided for by the statute pending at the time of the surrender or within 30 days thereafter. In this case Anderman was under arrest, charged with the violation of the liquor tax law, at the time the certificate was surrendered, and consequently was not in a position in which he could make surrender and become entitled to the rebate. * * * The Frank Brewery, being the assignee and acting as agent of Anderman, stands in his shoes and has no greater right to the rebate than he would have, had he surrendered the certificate in person."

The fourth one of these conditions was considered in People ex rel. Stevenson v. Lyman (Michaels' Certificate), 67 App. Div. 446, 73 N. Y. Supp. 987 (First Department), affirmed 173 N. Y. 605, 66 N. E. 1114, and People ex rel. Stevenson v. Lyman (Barry's Certificate), 69 App. Div. 406, 74 N. Y. Supp. 1104 (Second Department), affirmed 173 N. Y. 604, 66 N. E. 1114. In both proceedings the relator insisted that he was entitled to a writ of mandamus without having shown that the certificate holders had ceased to traffic in liquor. In the Michaels Case, Van Brunt, P. J., said:

"The right of the relator to the rebate having been denied by the return, it was bound to show by proof or admissions upon the record that the holder of the liquor license and his attorney had done all that the law required as conditions precedent to the right to claim such rebate. * * * He must, prior to such tender of surrender, voluntarily have ceased to traffic in liquors. * * * It seems to me that the right to the rebate is to be construed as resting upon a contract between the licensee and the state. If such is the case, clearly the party claiming must show compliance with all the conditions precedent. * * * Upon whom does the burden of proof lie? Clearly the claimant must prove his case as in the case of any other contract."

The Barry Case followed the Michaels Case, and was to the same effect.

The amendment of 1903 inserted in section 25 the additional condition precedent:

"And who shall not have violated any provision of the liquor tax law during the excise year for which such certificate was issued."

It is evident that the same rule must be laid down as to this condition precedent as has already been asserted in regard to the two others, as pointed out; and this was distinctly held in this department in People ex rel Hupfel's Sons v. Cullinan, 95 App. Div. 598, 88 N. Y. Supp. 1022; Judge Hatch saying:

"The right to the rebate is not dependent upon the nonexistence of an indictment, complaint, prosecution, action, or other proceeding for a violation of the liquor tax law at the time that the surrender is made. On the contrary, by the express provisions of the statute such condition must not only exist at the time of the surrender, but it is also required that the holder shall not have violated any provision of the liquor tax law during the excise year for which such certificate was issued. By the terms of the statute, therefore, it is made a condition precedent that there shall have been no violation of the liquor tax law during the excise year for which the certificate was issued, and that there have been no violations prior to the time when the holder ceases to traffic in liquor. * * * Therefore it devolved upon the relator to establish, as a condition precedent, that he had made compliance with the liquor tax law, and, as this is necessarily dependent upon the proof which he is able to make, it follows that a peremptory writ of mandamus could not issue in the face of the issues thus raised."

In the case just cited the record discloses a petition and an answer similar to the one at bar, with one notable exception. In the Hupfel's Sons Case the petition asserted that there had been no violation. The answer set up one conviction by an employé and attached the extract from the minutes and the affidavits of the complaining witness in that proceeding, precisely as in the case at bar. The petition in the case at bar itself asserts one conviction by an employé and therefore a much stronger case was presented for the refusal of a peremptory writ of mandamus than in the case last cited. The denials in the answer to the petition raised distinct issues of fact as to violations by the holders of the certificate personally, and therefore, in this case, the granting of a peremptory writ was error.

A question was raised upon the argument that inasmuch as the petition itself disclosed a violation, in that there had been a conviction of an employé of the certificate holder, even the issuance of an alternative writ should be improper. The appellant argues that, as this court held in the Hupfel's Sons Case that an allegation in the answer of one con-

viction by an employé raised an issue of fact as to whether there had been a violation by the certificate holder which required a trial upon an alternative writ, it necessarily followed that if the one conviction of the employé was established upon the trial the violation by the certificate holder was made out, and there could be no rebate under section 25 of the liquor tax law as amended by chapter 115, p. 284, of the Acts of 1903, notwithstanding the provisions of section 34, subd. 3 (Laws 1896, p. 76, c. 112), thereof, which provides that:

"If there shall be two convictions of clerks, agents, employés or servants of a holder of a liquor tax certificate for a violation of any provision of this act, the liquor tax certificate of the principal shall be forfeited and the said principal shall be deprived of all rights and privileges thereunder, and of any right to any rebate of any portion of the tax paid thereon. * * *"

This raises an interesting question, which, however, upon this record, we do not believe to be before us, because it does not appear in the record that any motion to dismiss or quash the proceedings on that ground was made in the court below, and, inasmuch as under these papers other violations than the one alluded to might be proved, the decision of this question at the present time would be improper. We therefore reserve judgment upon the point suggested, as not in the record.

The order appealed from, granting a peremptory writ, should be reversed, with $50 costs and disbursements, and an alternative writ granted. All concur.