(134 App. Div. 462.)

PEOPLE ex rel. DUNCAN v. CLEMENT, State Excise Com'r.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

1. INTOXICATING LIQUORS (§ 97*)—TAXES—REBATE—NATURE OF RIGHT.
   The right of a certificate holder to a rebate, under Liquor Tax Law (Laws 1896, p. 67, c. 112) § 25, as amended (now Consol. Laws, c. 34, § 24), authorizing the payment of a proportional rebate upon the surrender of a

certificate during the term the tax is paid, rests upon a contract between the licensee and the state.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 97.*]

2. STATUTES (§ 225*)—CONSTRUCTION—CONSTRUING STATUTES TOGETHER.

In construing a statute, the court must construe together all the provisions relating to the same subject.

· [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 303; Dec. Dig. § 225.*]

3. CONSTITUTIONAL LAW (§ 55*)—RULES OF EVIDENCE—LEGISLATIVE POWER.

It was within the legislative power to enact, as a condition to permitting the liquor traffic, the rule of evidence prescribed by Liquor Tax Law (Laws 1896, p. 76, c. 112) § 34, subd. 3 (Consol. Laws, c. 34, § 36), in effect making two convictions of employés of a liquor tax certificate holder conclusive proof of his violation of the liquor tax law, by providing that, if there shall be two convictions of such employés, the principal shall be deprived of any right to rebate upon surrender of his certificate.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 59; Dec. Dig. § 55.*]

4. INTOXICATING LIQUORS (§ 97*)—LICENSE FEE—REBATE—ENFORCEMENT—DEFENSES—VIOLATION BY AGENT.

In a civil proceeding by a liquor tax certificate holder to recover a rebate upon surrendering the certificate for the remainder of the term, the certificate holder is responsible for the acts of his agents and servants in violating the law, when their violations are set up as a defense to the proceeding.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 97.*]

5. INTOXICATING LIQUORS (§ 97*)—LICENSE FEE—REBATE—PROCEEDINGS FOR ENFORCEMENT—ALLEGATIONS—VIOLATION OF STATUTE.

Liquor Tax Law (Laws 1896, p. 67, c. 112) § 25, as amended (Consol. Laws, c. 34, § 24), permits a certificate holder, against whom no prosecution, etc., is pending for violation of the liquor tax law, and who has not violated any provision thereof during the excise year, and has before arrest or indictment for violation thereof voluntarily ceased to traffic in liquors, to surrender his certificate and receive a proportional rebate. Laws 1896, p. 69, c. 112, § 28, subd. 2, as amended (Consol. Laws, c. 34, § 27, subd. 2), permits cancellation of liquor tax certificates if the liquor tax law is violated at any place where the traffic is to be carried on by the certificate holder or his employés, or if he himself violates the act at any place, and provides proceedings. Laws 1896, p. 76, c. 112, § 34, subd. 3, as amended (Consol. Laws, c. 34, § 36), provides that two convictions of employés of a certificate holder· for violation of the act shall deprive the principal of any right to rebate. The petition for mandamus by an assignee of a certificate holder to compel payment of a rebate alleged that neither petitioner nor the holder had violated the liquor tax law during the excise year, but alleged, on information and belief, that an employé of the certificate holder was convicted of· a violation of the law, done without the knowledge or consent of the certificate holder, which was the only violation of the act upon the premises. *Held*, that the petition, fairly construed, alleged only one conviction of an agent, but no violation of the liquor tax law by the holder, so that it was error to dismiss the petition without requiring respondent to answer.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Petition for mandamus by the People, on the relation of William H. Duncan, against Maynard N. Clement, as State Commissioner of Excise. From an order of the Special Term (63 Misc. Rep. 369, 116 N.    ·

Y. Supp. 1098), dismissing and quashing the proceeding, relator appeals. Reversed, and motion for alternative writ granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Gleason & Rooney (Patrick Rooney, of counsel), for appellant.
Herbert H. Kellogg, for respondent.

CLARKE, J. The petitioner is the assignee of· one Amandus R. Bresler, to whom had been issued liquor tax certificate No. 3,726, by which said Bresler was authorized to traffic in liquor under subdivision 1 of section 11 of the liquor tax law (Laws 1896, p. 51, c. 112, as amended (now Consol. Laws, c. 34, § 8, subd. 1) at No. 2627 Third avenue, borough of the Bronx, city of New York, for the year ending April 30, 1907. The petition alleged that on or prior to the 26th day of June, 1906, said Bresler and all persons holding under or through him voluntarily ceased to traffic in liquors during the term for which the tax was paid under such· certificate, and that said certificate was duly surrendered to the special deputy commissioner of excise for the borough of Manhattan and the Bronx, city of New York; that at the time of such surrender the said certificate had more than one month to·run; that said surrender was made under. a petition for the surrender and cancellation thereof and for the payment of a rebate thereon; "that at the time of the surrender of the said liquor tax certificate no complaint, prosecution, or action was pending against the said Amandus R. Bresler, or your petitioner, on account of any violation of the liquor tax law, and that neither the said Amandus R. Bresler nor your petitioner had violated any provision of the liquor tax law during the excise year for which such certificate was issued; on information and belief, that one Albert Fejes, an employé of the said Amandus R. Bresler, was arrested for a minor violation of the excise law on the 26th day of May, 1906, and convicted on the 11th day of June, 1906; and your petitioner further alleges upon information and belief that said conviction was for a violation which was not made in the presence of the said Amandus R. Bresler, the owner of said certificate, nor with the knowledge or consent of said Bresler, and that said Bresler was in no way responsible for the said violation, and that the same was against his expressed instructions and directions, and that no employé of Amandus R. Bresler had any authority to either sell, give away, or in any way dispose of liquors on the premises then leased by said Amandus R. Bresler, and that such violation, if any, was the only violation of the liquor tax law upon the premises covered by the said certificate; that more than 30 days have elapsed since the receipt of said certificate by the State Commissioner of Excise, as aforesaid, and that neither the said Amandus R. Bresler nor your petitioner, the person surrendering such certificate, was arrested or indicted for a violation of the liquor tax· law, nor were any proceedings instituted against them, or either of them, for the cancellation of said certificate, nor was any action commenced against them or either of them for penalties." It further alleges that the State Commissioner of Excise refuses to make and forward the orders for the payment of the rebate provided

for in section 25 of the liquor tax law, and prayed that a peremptory writ of mandamus issue requiring said commissioner to prepare and deliver two orders for the payment of such rebate. The notice of motion asked that, if the court refuse such peremptory writ, then an order be granted directing an alternative writ to issue. The respondent moved to dismiss the petition and quash the proceedings, and from the order granting said motion, relator appeals.

Section 25 of the liquor tax law (chapter 112, p. 67, of the Laws of 1896, as amended, now section 24, c. 34, Consol. Laws) provides that:

"If a person holding a liquor tax certificate and authorized to sell liquors under the provisions of this act, against whom no complaint, prosecution or action is pending on account of any violation thereof, and who shall not have violated any provision of the liquor tax law during the excise year for which such certificate was issued, shall voluntarily, and before arrest or indictment for a violation of the liquor tax law, cease to traffic in liquors during the term for which the tax is paid under such certificate, such person or his duly authorized attorney may surrender such tax certificate to the officer who issued the same or to his successor in office, provided that such tax certificate shall have at least one month to run at the time of such surrender"

—with further provisions for the payment of a proportional rebate of the tax paid. This right to a rebate is to be construed as resting upon a contract between the licensee and the state. People ex rel. Stevenson Co. v. Lyman, 67 App. Div. 451, 73 N. Y. Supp. 987. This court said, upon examination of the cases, in People ex rel. Munch Brewery v. Clement, 117 App. Div. 539, 102 N. Y. Supp. 779:

"To entitle the holder to the rebate, there are certain conditions precedent, the fulfillment of which must be completed at the time of the surrender, and, being conditions precedent, their fulfillment must be alleged, and the burden of establishing this is upon the certificate holder. These conditions are as follows: First, there must be no complaint, prosecution, or action pending on account of a violation of the liquor tax law; second, the person surrendering must not have violated any provisions of the liquor tax law during the excise year for which the certificate was issued; third, the certificate must be surrendered before arrest or indictment for a violation of the liquor tax law; fourth, the person surrendering must have ceased to traffic in liquors during the term for which the tax was paid."

The appellant claims that, as subdivision 3 of section 34 of the liquor tax law (now chapter 34, § 36, Consol. Laws) provides that, "if there shall be two convictions of clerks, agents, employés or servants of a holder of a liquor tax certificate, for a violation of any provision of this act, the liquor tax certificate of the principal shall be forfeited, and the said principal shall be deprived of all rights and privileges thereunder, and of any right to any rebate of any portion of the tax paid thereon," there having been but one alleged conviction of an employé, and no proceedings for cancellation having ever been brought, and the violation not having been by a person in charge of the premises, he is entitled to the rebate.

We do not think there is any conflict between these provisions. Construing all the provisions of the liquor tax law, and giving full force and effect to each, as is the duty of the court in considering a statute, they can all be harmonized. The right to a rebate depends upon the fundamental fact that the holder of a liquor tax certificate shall not have violated any of the provisions of the liquor tax law during the

year for which it was issued. That does not mean that he shall not personally have violated the law. In civil proceedings growing out of the liquor tax law, brought either by the excise commissioner for the revocation of a license or by the certificate holder for a rebate, the principal is charged with and responsible for the acts of his agent or servant. Nothing need be added to the reasoning of Mr. Justice Hiscock upon this proposition in Cullinan v. Burkard, 93 App. Div. 31, 86 N. Y. Supp. 1003; the conclusion being:

"Reasoning by analogy from such principles and decisions, we see no good reason why the holder of a liquor tax certificate should not be held responsible for the act of his clerk in improperly selling liquor while engaged in the performance of his master's business, even though in such act he violated his specific instructions."

It seems to me that the proper interpretation of section 34, subd. 3, in connection with section 25 and section 28, subd. 2, comes down to a question of proof. Under subdivision 3, § 34, in an action upon a bond, or in a proceeding to forfeit and cancel a liquor tax certificate, or in a proceeding to compel the payment of a rebate, proof of two convictions of clerks, agents, employés, or servants of the certificate holder is sufficient to forfeit the certificate and to deprive the principal of any right to a rebate. Here two convictions of employés is made conclusive proof of the violation by the principal, and nothing more need be shown than the record of such convictions. That it was within the power of the Legislature to enact such a rule of evidence as a condition to permitting the traffic in liquor is undoubted, and is not questioned. But the right to a rebate depends upon the fact, not that there has been no conviction, but that there has been no violation of the liquor tax law by the certificate holder. Therefore, in a civil proceeding to forfeit said certificate, or to compel the payment of a rebate, the excise commissioner is not compelled to show a previous conviction in a criminal court; but the law is satisfied if he establish a violation according to the practice and under the rules of law governing the trial of civil cases or proceedings.

Therefore the commissioner may prove a violation by a judgment of conviction of the principal, or by common-law evidence of the facts may prove a violation by the principal on his own acts or those of his servant or agent. He may not establish the violation by the principal by one conviction of the certificate holder's agent or employé, because that conviction is res inter alios acta; but he may prove, dehors the record, the violation by the agent or employé for which that employé had been convicted, or, as pointed out, he may by force of the statute prove the violation by the certificate holder by proof of two convictions of his agent or employé. It seems to me, therefore, that a question of fact is presented by this petition, upon which an alternative writ of mandamus may issue. The petitioner alleges that neither the certificate holder nor petitioner has violated any provision of the liquor tax law during the excise year for which such certificate was issued. He alleges on information and belief that an employé of Bresler, the certificate holder, was convicted of a violation, and that said violation, if any, was the only violation of the liquor tax law upon the premises covered by the said certificate.

I think the fair interpretation of the petition is that, while there was one conviction of an employé, there was no violation of the liquor tax law, and as, in the absence of the statute, the proof of a conviction of the employé would not be proof of a violation by the employer, he has sufficiently alleged no violation to put the respondent to his answer. By this interpretation the several provisions of the statute alluded to may all stand, each being given full force and effect, exhibiting a clear and consistent scheme; and this accords with the decisions of this court in People ex rel. Hupfel's Sons v. Cullinan, 95 App. Div. 598, 88 N. Y. Supp. 1022, and People ex rel. Munch Brewery v. Clement, 117 App. Div. 539, 102 N. Y. Supp. 779.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and a motion for an alternative writ of mandamus granted. All concur.