(67 Misc. Rep. 527.)

PEOPLE ex rel. J. & M. HAFFEN BREWING CO. et al. v. CLEMENT, Commissioner of Excise.

(Supreme Court, Special Term, New York County. May, 1910.)

1. INTOXICATING LIQUORS (§ 97*)—SURRENDER OF CERTIFICATE—PAYMENT OF REBATE.

On an application by the former holder of a liquor tax certificate which has been surrendered for mandamus to compel the payment of a rebate, petitioner must establish nonviolation of the law during the year for which the license was issued.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 97.*]

2. JUDGMENT (§ 559*)—RES JUDICATA.

In determining whether the former holder of a surrendered liquor tax certificate had sold liquor on Sunday, the acquittal of his barkeeper on a charge of having made the sale referred to is not res judicata.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 559.*]

Application by the People, on the relation of the J. & M. Haffen Brewing Company and others, for a writ of mandamus to Maynard N. Clement, Commissioner of Excise. Alternative writ granted. Order reversed (124 N. Y. Supp. 102).

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

D-Cady Herrick, for petitioners.
Herbert H. Kellogg, for respondent.

WHITNEY, J.   This is a mandamus proceeding to compel the payment of a rebate upon a surrendered liquor tax certificate under section 24 of the liquor tax law (Consol. Laws, c. 34).   The certificate was issued to one Debold, by whom it has been assigned to the petitioner.   The proceeding is based upon a contract between the licensee and the state, and petitioner has the burden of proving certain conditions precedent, including nonviolation of the law during the year for which the license was issued.   People ex rel. Munch Brewing Co. v. Clement, 117 App. Div. 539, 102 N. Y. Supp. 779.   Petitioner alleges this, and the allegation is denied.   This raises an issue, but the motion has been argued by both sides on the theory that a peremptory writ must issue unless the state can take advantage of a certain violation pleaded in the answer, namely, that just after the commencement of the year Debold left a door unlocked on a Sunday, and by his agents, servants, bartenders, and persons in charge of said premises sold two glasses of lager beer, which were drunk on the premises.   It is admitted in the pleadings that a bartender has been tried and duly acquitted on the charge of unlawfully violating the provisions of the law on this date.

Petitioner insists that the acquittal operates as res adjudicata.   There are various answers to this contention.   The wrong bartender may have been tried.   Debold may have unlocked the door himself; indeed, he is alleged to have done so..   The acquittal was in a proceeding to which Debold was not a party, by whose result, if adverse, he would not have been bound, and by whose favorable result he is therefore not advantaged.   Furthermore, even if Debold had been the party prosecuted and if the prosecution had covered the entire offense, the acquittal would not be conclusive upon a civil action or proceeding involving the same issue, and this for the reason, among others, that in one case the state must establish its contention beyond a reasonable doubt, while in the other it is enough to make it out by a preponderance of evidence.   This has long been generally recognized by courts and text-writers.   1 Greenl. Ev. § 537;  Big. Estop. (5th Ed.) 115, 116;  1 Freem. Judg. § 319;  2 Black, Judg. § 529, and cases cited.   It is the prevailing opinion in our own state.   People v. Snyder, 90 App. Div. 422, 86 N. Y. Supp. 415.   There would probably never have been a doubt about it but for the decision of the Supreme Court of the United States in Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684, which held a civil action to recover a penalty to be so far penal in nature that acquittal for the same offense would be regarded as res adjudicata.   That case was submitted for the government upon an argument grossly insufficient, and without citation of the authorities bearing upon the point.   While it has been followed by the federal courts and in certain states upon the precise point involved, its reasoning has been since practically overruled by the Supreme Court, and it has been considered and held inapplicable in this

state in the opinion above cited. Petitioner is not entitled to a writ of peremptory mandamus, but an alternative writ may issue.

Ordered accordingly.