## SISSLEMAN v. CAMPBELL, Federal Prohibition Administrator, et al.

District Court, E. D. New York. July 30, 1929.

No. 4185.

Lewis Landes, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, George H. Bragdon, and Alfred C. McKenzie, Asst. U. S. Attys., all of Brooklyn, N. Y., of counsel), for defendants.

John E. O'Neill, of New York City, for defendant prohibition administrator.

GALSTON, District Judge. This is an action in equity brought under title 27, "Intoxicating Liquors" (27 USCA) § 21 (Act October 28, 1919, c. 85, tit. 2, § 9, 41 Stat. 311), for a review of the decision of the federal prohibition administrator of the Second district of New York, revoking permit No. SDA–2–723, issued December 19, 1928, to the plaintiff. The permit by its terms was to continue in effect until December 31, 1929.

On or about April 1, 1929, the defendant prohibition administrator Maurice Campbell, having received from his investigating officers reports which indicated that the plaintiff had not complied with the provisions of the National Prohibition Act (27 USCA) and had unlawfully diverted denatured alcohol withdrawn under his permit and had made false records purporting to account for the use thereof in the manufacture of alcoholic preparations and the sale of such preparations to persons who in fact did not receive the same, caused a citation to issue to the plaintiff to show cause at a hearing to be held April 24, 1929, why his permit should not be revoked. Before the date of the hearing, plaintiff, on or about April 19, 1929, forwarded his permit to the defendant and federal prohibition administrator.

The defendant Campbell, on April 23, 1929, wrote to the plaintiff: "This office acknowledges receipt of your communication dated April 18th, 1929, enclosing permit, form 1481, #2–723."

At the revocation hearing on April 24, 1929, plaintiff's attorney moved to dismiss the citation on the ground that the plaintiff had surrendered the permit. The motion was denied, and thereafter the hearing proceeded by default.

A review of the testimony taken indicated beyond the possibility of peradventure that the plaintiff (the permittee) had unlawfully diverted denatured alcohol under his permit and had made false records purporting to account for the sale thereof to persons who in fact did not receive the same. There cannot be the slightest doubt that on the evidence presented the defendant Federal Prohibition Administrator Campbell should have revoked the permit in question. However, the plaintiff in bringing this action contends that the prohibition administrator was without power to continue the revocation proceedings after the plaintiff had surrendered his permit. It is argued by the plaintiff that there could be no revocation of a permit that had been surrendered; in substance, that there was nothing to revoke.

The argument is clearly specious. Once

168

the citation had issued it became mandatory for the Commissioner to proceed under section 21 above referred to, which in part reads as follows (U. S. Code, tit. 27 [27 USCA] "Intoxicating Liquors," § 21):

"Violations of law by permittee; citation; hearing; revocation of permit. If at any time there shall be filed with the Commissioner a complaint under oath setting forth facts showing, or if the commissioner has reason to believe, that any person who has a permit is not in good faith conforming to the provisions of this chapter * * * the commissioner or his agent shall immediately issue an order citing such person to appear before him * * * which citation shall be accompanied by a copy of such complaint, or in the event that the proceedings be initiated by the commissioner with a statement of the facts constituting the violation charged, at which time a hearing shall be had unless continued for cause. * * * If it be found that such person has been guilty of wilfully violating any such laws, as charged, or has not in good faith conformed to the provisions of this chapter, such permit shall be revoked, and no permit shall be granted to such person within one year thereafter." Oct. 28, 1919, c. 85, tit. 2, § 9, 41 Stat. 311.

Why the permittee endeavored to avoid the revocation proceedings is perfectly obvious. He knew he was guilty, and he knew that the government could prove that he was guilty, of having violated the terms of his permit. He foresaw, not only the revocation of his permit, but also the penalty imposed by the statute.

There was something more involved than the mere revocation of the permit. The additional object contemplated by the foregoing section was to make it impossible for a guilty permittee within one year from the date of revocation of his permit to obtain another permit.

The plaintiff fallaciously argues that the purpose of the revocation of any sort of permit or license is to prevent the holder from doing that which he was previously authorized, permitted, or licensed to do. The fallacy of the argument is that it seeks to make such purpose the only purpose of the revocation section of the National Prohibition Act. But, as has been shown, revocation is but one of the objects sought. The statute cannot be vitiated, after a proceeding has been begun, by allowing the guilty permittee to "surrender" his permit. There is nothing in the statute which enables him so to do.

Under this act apparently the question has never been raised. It is interesting to note,

however, that the state courts of New York had rather a similar question to decide under the Liquor Tax Law of 1896, the so-called Raines Law (Laws N. Y. 1896, c. 112). In the case of Clement, State Commissioner of Excise (Liquor Tax Certificate No. 5183, issued to James O'Neill), 62 Misc. Rep. 512, 116 N. Y. S. 1070, the court held:

"The objection raised by the respondent that these proceedings should be dismissed for failure to begin proceedings within thirty days from the receipt of the certificate of surrender cannot be considered. It is no defense to an application for a revocation that the certificate had been surrendered prior to the discovery of the violation of the commencement of proceedings to revoke. Such proceedings may be instituted at any time during the excise year for which such certificate was issued. See People ex rel. Hupfel's Sons v. Cullinan, 95 App. Div. 598, 88 N. Y. S. 1022."

A decree may be entered in accordance with the foregoing opinion.