PEOPLE ex rel. JOSEPH FALLERT BREWING CO. v. LYMAN.

(Supreme Court, Appellate Division, Second Department.   July 17, 1900.)

1. INTOXICATING LIQUORS — REBATE ON TAX CERTIFICATE — RECEIPT—MANDAMUS—PLEADING.

Under Liquor Tax Law, § 25, providing that, on surrender of a liquor tax certificate for rebate, the holder shall present "a verified petition setting forth all of the facts required to be shown on such application," and the officer shall thereupon compute the amount of pro rata rebate, and deliver to the holder a receipt stating the amount of rebate he is entitled to receive, a petition for a peremptory writ of mandamus to compel the payment of the rebate to the holder of such receipt must show the issuance and life of the receipt, and, if he has been arrested or indicted for a violation of the liquor tax law, that he has been acquitted, and that the proceedings based on the alleged violation have been dismissed on the merits, but it need not recite any of the facts required to be shown to the county treasurer before the receipt can lawfully be issued.

2. SAME—CONSTRUCTION OF PLEADING.

Where a petition for mandamus to compel payment of the rebate on a tax certificate under Liquor Tax Law, § 25, alleges that the holder of the certificate was arrested for violation of said law, and was arraigned, tried, and acquitted, and that the action was dismissed on the merits, and the answering affidavits allege a violation of the law by the holder of the certificate, and complaint by the same person as the one who instituted the proceedings referred to in the petition, and the arrest and arraignment of the holder at about the time of the judgment of acquittal referred to in the petition, the violation of law referred to in the petition and that alleged in the answering affidavits will be held to be identical.

3. SAME—PLEADING—DISMISSAL OF CASE ON MERITS.

A petition for mandamus to compel payment of the rebate on a liquor tax certificate, as authorized by Liquor Tax Law, § 25, alleged a dismissal of proceedings commenced against the holder for a violation of the law, on the merits. The certificate of the clerk of court was attached, which recited that the magistrate "found there was not sufficient evidence to hold the defendant for trial," and that "defendant was therefore discharged on that date." *Held*, that this was a dismissal on the "merits," within the meaning of the above law.

4. SAME—EFFECT OF ANSWER IN MANDAMUS.

The denial, on information and belief, in the answering affidavits, that the holder of said tax certificate was duly tried on the charge of violating the liquor tax law, as alleged in a petition for mandamus to compel payment of a rebate on such certificate, or that all the proceedings against said holder were dismissed on the merits, as alleged in said petition, is not sufficient to overcome the certificate of the clerk of the court, as shown in said petition, that defendant was discharged because sufficient evidence was not found to hold him for trial.

Appeal from special term, Queens county.

Action by the people, on relation of the Joseph Fallert Brewing Company, against Henry H. Lyman, for a peremptory writ of mandamus. From an order granting the writ, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

P. W. Cullinan, for appellant.

Anson B. Cole (Moses Weinman, on the brief), for respondent.

JENKS, J. Relator, as assignee of a liquor tax certificate, surrendered it in proceedings for a rebate, and received a receipt from a county treasurer, as authorized by section 25 of the liquor tax law. The special term ordered a peremptory writ of mandamus to the state commissioner of excise and the comptroller of New York City to pay the amount of such rebate, and the said state commissioner appeals.

There was preliminary objection that the petition for the writ does not set forth sufficient facts, in that it fails to allege that the assignors of relator, the holders of the liquor tax certificate, voluntarily ceased to traffic in liquors at the premises for which said certificate was granted. The provisions of the present law for rebate, which, as the court of appeals has said, give a commercial value to the certificate, are hedged in with conditions which qualify the absolute right to receive such refund. People v. Lyman, 156 N. Y. 407, 411, 50 N. E. 1112. The proceeding for a refund contemplated the application to the county treasurer, and the issuance of his receipt that states the amount of the rebate, which is payable at the end of 30 days, provided the law is not violated meanwhile. Section 25 of the liquor tax law in part provides that:

"If a * * * person holding a liquor tax certificate against whom no complaint * * * is pending shall voluntarily and before arrest * * * cease to traffic in liquors during the term for which the tax is paid under such certificate, such * * * person, or their duly authorized attorney, may surrender such tax certificate to the officer who issued the same * * * and at the same time shall present to such officer a verified petition setting forth all of the facts required to be shown on such application. Said officer shall thereupon compute the amount of pro rata rebate * * * and shall execute

duplicate receipts * * * together with the amount of rebate due thereon, * * * the name of the person entitled to receive the rebate, the locality liable for two thirds of such rebate and the name and title of the fiscal officer thereof: one of such receipts the said officer shall deliver to the person entitled thereto."

This application is against the disbursing officers, and is necessarily based upon due preliminary procedure. The receipt of the county treasurer is the basis of the rebate, and could not lawfully have been issued unless the petitioner theretofore had shown to the county treasurer a cessation of traffic in liquors. The relators show a surrender of the certificate, and make the resultant receipt part of their petition. When they had obtained the receipt, they had taken one step in the procedure; and I see no reason why, in their motion against the disbursing officers, they should recite any of the facts that must have been shown to the county treasurer before the receipt could lawfully have been issued. It is true that the petitioners must set forth such facts as make it the duty of the officers to pay the rebate. But the holding of the receipt is a fact. The petitioners must show both the issuance and life of the receipt, and that they had not violated the conditions of the statute, namely, if they had been arrested or indicted for a violation of the liquor tax law, that they had been acquitted, and that any proceedings or action based upon the alleged violation had been dismissed on the merits. The petition, therefore, shows, inter alia, that on the 26th day of September, 1899, one of the holders of the certificate was arrested for violation of this law; was arraigned in the city magistrate's court, Third district, borough of Queens, city of New York, on the same day; was duly tried on the 22d day of November, 1899, to which day the trial was adjourned; was acquitted; and that the action against her was dismissed on the merits. A certificate thereof, of the clerk of such court, is made a part of the petition. The answering affidavit sets forth that the certificate holders did not voluntarily cease to traffic in liquors, and alleges, upon information and belief, that on the 2d day of September they trafficked with one John C. McDonough, selling to him and to one Woods two glasses of whisky; that thereafter McDonough made complaint, and on September 9, 1899, notified the district attorney of Queens county by filing a statement under oath. I think that the violation of the law referred to in the petition and the violation alleged in the answering affidavit may be held identical. The petitioners show an arrest of Esther Samuels on September 26, 1899, and an arraignment on the same day in a city magistrate's court in the Third district of Queens borough, New York City. The answering affidavit states a violation by Esther Samuels on September 2, 1899, complaint thereon on September 5, 1899, a notification to the district attorney of Queens on September 9, 1899, and alleges that the complainant was John C. McDonough. This is the sole violation charged. The certificate of the clerk of the court, incorporated in the petition. shows that the proceeding disposed of after the arrest on September 26, 1899, was entitled, "People, on complaint of John C. McDonough. v. Esther Samuels." The further question, then, is whether the petitioner was acquitted, and whether the proceeding was dismissed on

the merits, within the intendment of the liquor law. The certificate of the clerk shows that on examination the magistrate "found there was not sufficient evidence to hold the defendant for trial. Defendant was therefore discharged on that date." "Merits" implies a consideration of substance, not of form; of legal rights, not of mere defects of procedure, or the technicalities thereof. St. Johns v. West, 4 How. Prac. 331; Tracy v. Manufacturing Co., 1 E. D. Smith, 349; Megrath v. Van Wyck, 3 Sandf. 750. If the evidence on examination of the defendant was not sufficient to order her trial, a discharge was her legal right. Section 207, Code Cr. Proc. The purpose of the provision of section 25 of the liquor tax law is to defeat the rebate in case of violation of law.· If such a violation has been charged, the payment of the rebate must wait the final determination of any action or proceedings based upon the violation. So far as the particular proceeding in question is concerned, the action of the magistrate is final. It is not alleged that any new proceedings were ever instituted. I think that this disposition may be regarded as an acquittal and a dismissal upon the merits, within the intendment of the law, inasmuch as the magistrate found that there was no evidence sufficient to warrant a trial. The word "acquittal" is said to be verbum equivocum, in ordinary language, used to express the verdict of a jury or the formal judgment of the court that the prisoner may go therefrom without day. 1 Am. & Eng. Enc. Law (2d. Ed.) p. 572. And so the word "acquitted" means "set free or judicially discharged from an accusation; released from * * * a charge or suspicion of guilt." Id. 573, citing Teague v. Wilks, 3 McCord, 461, where the contention was that the allegation that the plaintiff had been acquitted by the grand jury's finding of no bill was not, in contemplation of the law, an acquittal. In Secor v. Babcock, 2 Johns. 203, it appeared that upon examination the justice dismissed a criminal charge on the ground of lack of proof, and in an action for malicious prosecution the court say, "The acquittal was lawful," and there was sufficient ground for the suit. There was no further step in criminal procedure which the defendant in that proceeding could take to obtain a further or a more conclusive judgment on the merits in her favor. And yet if the discharge be not an actual acquittal and a dismissal on the merits, within the purview of this statute, lack of evidence to warrant a trial and a discharge therefor would have the same practical effect in rebate proceedings as a conviction, which is absurd.

In the eighth paragraph of the answering affidavit, deponent denies, upon information and belief, that on the 22d day of November, 1899, the said Esther Samuels was duly tried in the city magistrate's court, Third district, borough of Queens, city of New York, upon the charge of violating the liquor tax law, as above set forth, and denies that all proceedings against her were dismissed upon the merits, as set forth in the sixth paragraph of the petition herein. It may be that, technically considered, the proceedings had were not a trial, inasmuch as they were dismissed at the hearing before the magistrate, in that there was no evidence to warrant or to require a trial; but I have stated my reasons for the conclusion that the disposition of the proceedings met the requirements of the statute, and was an acquittal

and dismissal on the merits, within the purview thereof. Nothing stated in this paragraph of the affidavit shows that there is any dispute as to the facts of an arrest upon McDonough's complaint, and of an examination and a discharge on the merits, as I interpret the statute, and so the denials may be based solely upon the deponent's interpretation of the law. In People v. Coler, 34 App. Div. 167, 170, 54 N. Y. Supp. 639, this court, per Cullen, J., say:

> "While the rule is strict that all facts averred in answer to an application for a peremptory writ, whether of an affirmative character or merely denials, must be taken as true, the rule is equally strict that 'affirmations which are only conclusions of law or fact, or are indefinite or general statements, are of no avail and worthless,' and 'a denial in gross, without stating facts, is a mere conclusion.' In re Freel (Sup.) 38 N. Y. Supp. 143; In re Guess, 16 Misc. Rep. 306, 38 N. Y. Supp. 91."

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.