PEOPLE ex rel. PAUL WEIDMANN BREWING CO. v. LYMAN, State Excise Com'r.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

LIQUOR TAX CERTIFICATE—REBATE—MANDAMUS.

A denial, in the return to an application for a mandamus commanding the state commissioner of excise to prepare the requisite orders for the payment of a rebate on a liquor tax certificate, that the licensee was duly tried for a violation of the liquor tax law and discharged, is insufficient; being a mere legal conclusion that the discharge was not in accordance with law.

Appeal from special term, Kings county.

Application for a peremptory mandamus by the people, on the relation of the Paul Weidmann Brewing Company, against Henry H. Lyman, state commissioner of excise, commanding the latter to prepare the requisite duplicate orders providing for the payment of a rebate on a liquor tax certificate to the relator. Judgment awarding the writ, and Patrick W. Cullinan, defendant's successor as state commissioner of excise, appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William E. Schenck, for appellant.
Robert H. Wilson, for respondent.

GOODRICH, P. J. This order should be affirmed on the authority of People ex rel. Fallert v. Lyman, 53 App. Div. 470, 65 N. Y. Supp. 1062, affirmed without opinion, 61 N. E. 1133. I can find no material difference between the cases. In the Fallert Case a certificate of the clerk of the magistrate's court was annexed to the petition, certifying that the complaint against the licensee was dismissed on the merits. The denial in the return herein that Mason, the original licensee, was duly tried before Magistrate Voorhees and discharged is not a sufficient denial of a question of fact. It is a mere legal conclusion that the discharge of the prisoner was not in accordance with law. That, as was said by Mr. Justice Jenks in the Fallert Case, is worthless. The discharge was a legal discharge, and that is enough. Here there is no such certificate, but the allegation is explicit and sufficient to establish the fact of acquittal. At the present term we have held, in People v. Lyman, 74 N. Y. Supp. 1104, that an alternative writ of mandamus was proper because the

return charged violations of the law other than the one upon which there had been a trial and dismissal. In the return in the present case there is no violation alleged, other than the one which has been tried, and consequently there is no issue to be tried.

The order must therefore be affirmed, with costs. All concur.