PEOPLE ex rel. BREWING CO. *v.* LYMAN.    399

App. Div.]        SECOND DEPARTMENT, MARCH TERM, 1902.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE PAUL WEID-
MANN BREWING COMPANY, Respondent, *v.* HENRY H. LYMAN, as
State Commissioner of Excise of the State of New York,
Defendant.

PATRICK W. CULLINAN, Present State Commissioner of Excise of
the State of New York, Appellant.

*Mandamus to compel payment of a liquor tax certificate rebate — a denial that
the licensee had been duly tried for a violation of the law and discharged is
insufficient.*

On an application for a peremptory writ of mandamus, requiring the State Com-
missioner of Excise to issue orders for the payment of a rebate alleged to be
due upon a liquor tax certificate, a denial in the return that the licensee had
been duly tried before a magistrate for a violation of the Liquor Tax Law and
had been discharged, is not a sufficient denial of an allegation of fact, but is a
mere legal conclusion that the discharge of the prisoner was not in accordance
with law.

APPEAL by Patrick W. Cullinan, as State Commissioner of Excise
of the State of New York, from an order of the Supreme Court,
made at the Kings County Special Term and entered in the office
of the clerk of the county of Kings on the 18th day of May, 1901,
directing that a peremptory writ of mandamus issue to the succes-
sor in office of Henry H. Lyman, as State Commissioner of Excise
of the State of New York, requiring him to issue two orders for the
payment of a rebate alleged to be due upon a liquor tax certificate
issued to Robert E. Mason.

*William E. Schenck*, for the appellant.

*Robert H. Wilson*, for the respondent.

GOODRICH, P. J.:

This order should be affirmed on the authority of *People ex rel.
Fallert Brewing Co.* v. *Lyman* (53 App. Div. 470; affd., without
opinion, 168 N. Y. 669). I can find no material difference between
the cases. In the *Fallert* case a certificate of the clerk of the
Magistrate's Court was annexed to the petition, certifying that the
complaint against the licensee was dismissed on the merits.

The denial in the return herein that Mason, the original licensee,

was duly tried before Magistrate VOORHEES and discharged, is not a sufficient denial of a question of fact. It is a mere legal conclusion that the discharge of the prisoner was not in accordance with law. That, as was said by Mr. Justice JENKS in the *Fallert* case, is worthless. The discharge was a legal discharge, and that is enough. Here, there is no such certificate, but the allegation is explicit and sufficient to establish the fact of acquittal.

At the present term we have held, in *People ex rel. Stevenson Co.* v. *Lyman* (69 App. Div. 406), that an alternative writ of mandamus was proper, because the return charged violations of the law other than the one upon which there had been a trial and dismissal.

In the return in the present case there is no violation alleged other than the one which has been tried, and consequently there is no issue to be tried.

The order must, therefore, be affirmed, with costs.

All concurred.

Order affirmed, with ten dollars costs and disbursements.