(139 App. Div. 502.)

PEOPLE ex rel. J. & M. HAFFEN BREWING CO. v. CLEMENT, State Com'r of Excise.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

INTOXICATING LIQUORS (§ 97*)—SURRENDER OF CERTIFICATE—REBATE.

Liquor Tax Law (Consol. Laws, c. 34) § 24, provides that if one holding a liquor tax certificate against whom no complaint or prosecution is pending on account of any violation thereof, and who shall not have violated any provision of the statute, shall voluntarily cease to traffic in liquors, he may surrender the certificate and obtain a rebate, and that, if within 30 days of the receipt of the certificate by the Commissioner of Excise the person surrendering shall be indicted or arrested for a violation of the law, the rebate shall not be awarded until termination of the proceedings; but, if he be acquitted, the rebate shall be paid. *Held* that, where an employé of one applying for a rebate had been prosecuted for a violation of the liquor law and had been acquitted, the acquittal barred the Excise Commissioner from showing such alleged violation in mandamus to compel a rebate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of the J. & M. Haffen Brewing Company, to compel Maynard N. Clement, as State Commissioner of Excise, to award a rebate under the liquor tax law. Appeal from an order (124 N. Y. Supp. 748) denying a motion for a peremptory writ. Reversed, and writ granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ashbel P. Fitch and Mott & Grant (D. Cady Herrick, of counsel), for appellant.

Herbert H. Kellogg (Frederick W. Stelle, of counsel), for respondent.

CLARKE, J.   Appeal from an order refusing a peremptory writ of mandamus and ordering that an alternative writ of mandamus issue in a proceeding to collect a rebate under the liquor tax law (Consol. Laws, c. 34).   The petition complies with the statute and contains the formal requirements.   The question involved arises under certain allegations of the petition and answer.   The petition alleges:

"(13)   *   *   *   At the time of the surrender of said liquor tax certificate, no complaint, prosecution or action was pending against the said Jacob Debold (who was the original certificate holder) or your petitioner on account of any violation of the liquor tax law, and that neither the said Jacob Debold nor your petitioner had violated any provision of the liquor tax law during the excise year for which such certificate was issued.

"(14) On information and belief, one Frank Willard, an employé of said Jacob Debold, was arrested on a charge of unlawfully violating the provisions of the liquor tax law of the state of New York in premises known as No. 1061 Longwood avenue, alleged to have been committed in the city and county of New York on the 11th day of October, 1908; and your petitioner further alleges upon information and belief that said Frank Willard was duly tried by the Court of Special Sessions of the First Division of the City of New York upon such charge and was duly acquitted by said court. A certified copy of said judgment is hereto annexed and forms a part of this petition and is marked 'Exhibit C.' "

Exhibit C is the certificate of the clerk of special sessions:

"I do certify that it appears from an examination of the records of this office that Frank Willard, the above-named defendant, was tried and acquitted upon said charge by the Court of Special Sessions of the First Division of the City of New York, on the 16th day of November, 1908."

And the charge for which he was tried was in violating the liquor tax law on the 11th day of October, 1908.

The answer alleges this violation and attaches to the answer the affidavit of the patrolman who swore to the violation and who arrested the bartender.   The order appealed from contains the following statement:

"And it being stipulated and agreed in open court by the attorneys for the respective parties in this proceeding that the alleged violation of the liquor tax law set forth in paragraph 13 of the answer, which is the only violation charged therein, is the same alleged violation set forth in paragraph 14 of the petition of the relator, and upon which charge the person so arrested was acquitted; and it being further agreed and stipulated that the only question presented on this motion is one of law, that is, whether the alleged violation set forth in the answer, which is the only violation claimed to have been committed, followed by the acquittal of the person arrested on said charge, bars the respondent from asserting, pleading, or proving said alleged violation in this proceeding."

We have examined with considerable care in recent decisions the question of the right to rebate.   We have held that there were certain conditions precedent which must be alleged and proved.   People ex rel. Munch Brewing Co. v. Clement, 117 App. Div. 539, 102 N. Y. Supp. 779.   We have held that what prevents a rebate is a viola-

tion of the law during the excise year, not a conviction therefor; that by the statute a violation is conclusively proved by the record of a conviction of the principal, and is also conclusively proved by the record of two convictions of an employé, and that this is so because the statute as a rule of evidence so provides. We have further held that, although the statute provides that the revocation of the license or a bar to a rebate may be established by the record of two convictions of an employé, nevertheless where there has been but one conviction, if the commissioner can prove dehors the record, by common-law evidence, under the rules of practice in civil cases, the violation for which the employé has been convicted, that suffices. People ex rel. Duncan v. Clement, 134 App. Div. 462, 119 N. Y. Supp. 374.

This case presents to some extent the converse of the propositions laid down in those cases. The inquiry is: When the only violation alleged is that upon which an employé has been charged in criminal proceedings and upon which he has been acquitted, does the charge still exist as a charge of a violation, susceptible of proof under the practice and procedure prevailing in civil actions?

Upon principle I do not believe that ordinarily an acquittal upon a criminal charge, where the burden is upon the people to establish guilt beyond a reasonable doubt, is necessarily a bar to a civil action; but I am inclined to the opinion that we should so hold under the liquor tax law, and for this reason: Section 24 thereof provides as follows:

"If a person holding a liquor tax certificate, and authorized to sell liquors under the provisions of this chapter, against whom no complaint, prosecution or action is pending on account of any violation thereof, and who shall not have violated any provision of this chapter during the excise year for which such certificate was issued, shall voluntarily, and before arrest or indictment for a violation of this chapter, cease to traffic in liquors during the term for which the tax is paid under such certificate, such person or his duly authorized attorney may surrender such tax certificate to the officer who issued the same or to his successor in office provided that such tax certificate shall have at least one month to run at the time of such surrender, etc. * * * One of such receipts such officer shall deliver to the person entitled thereto, and the other of such receipts he shall immediately transmit, with the surrendered certificate and the petition for the cancellation thereof, to the state commissioner of excise. If within thirty days from the date of the receipt of such certificate by the State Commissioner of Excise, the person surrendering such certificate shall be arrested or indicted for a violation of this chapter, or proceedings shall be instituted for the cancellation of such certificate, or an action shall be commenced against him for penalties, such petition shall not be granted until the final determination of such proceedings or action; and if the said petitioner be convicted, or said action or proceedings be determined against him, said certificate shall be canceled and all rebate thereon shall be forfeited, but if such petitioner be acquitted, and such proceedings or action against him be dismissed on the merits, then the State Commissioner of Excise shall prepare two orders for the payment of such rebate, etc."

Here is a direct provision that, if the certificate holder shall be arrested or indicted for a violation of the liquor tax law and acquitted, then the rebate shall be paid. It seems to me it would be an absurdity to hold, in the face of that positive provision of law, that, while the principal who had been arrested or indicted and acquitted could thereupon receive the rebate without the possibility of the chance

to try out again his alleged violation upon the same facts in a civil proceeding, nevertheless when an employé had been arrested, tried, and acquitted, his alleged violation there under consideration, for which we have held the principal responsible under the doctrine of respondeat superior, could still be the subject of civil investigation with the possibility of a different conclusion and the forfeiture of the principal's rights. In other words, that a different rule should be applied to the principal and to his agent in the case of acquittal, while the same rule was applied to principal and agent in the case of a violation by either.

In People ex rel. Fallert Brewing Co. v. Lyman, 53 App. Div. 470, 65 N. Y. Supp. 1062, affirmed 168 N. Y. 669, 61 N. E. 1133, Mr. Justice Jenks said:

"The petition shows, inter alia, that one of the holders of the certificate was arrested for violation of this law, was arraigned in the city magistrate's court, Third district, borough of Queens, was duly tried, was acquitted, and that the action against her was dismissed on the merits. A certificate thereof of the clerk of such court is made a part of the petition. The answering affidavit sets forth that the certificate holders did not voluntarily cease to traffic in liquors, and alleges, upon information and belief, that on the 2d day of September they trafficked with one John C. McDonough, selling to him and to one Woods two glasses of whisky; that thereafter McDonough made complaint, and on September 9, 1899, notified the district attorney of Queens county by filing a statement under oath. * * * This is the sole violation charged. The further question is whether the petitioner was acquitted, and whether the proceeding was dismissed on the merits within the intendment of the liquor law. The certificate of the clerk shows that on examination the magistrate found there was not sufficient evidence to hold defendant for trial. Defendant was, therefore, discharged on that date. Merits implies a consideration of substance, not of form; of legal rights, not of mere defects of procedure or the technicalities thereof. If the evidence on examination of the defendant was not sufficient to order her trial, a discharge was her legal right. Code Cr. Proc. § 207. The purpose of the provision of section 25 of the liquor tax law is to defeat the rebate in case of violation of law. If such a violation has been charged, the payment of the rebate must wait the final determination of any action or proceedings based upon the violation. So far as the particular proceeding in question is concerned, the action of the magistrate is final. It is not alleged that any new proceedings were ever instituted. I think that this disposition may be regarded as an acquittal and a dismissal upon the merits within the intendment of the law, inasmuch as the magistrate found that there was no evidence sufficient to warrant a trial."

And the order directing that a peremptory writ of mandamus issue to pay the rebate was affirmed.

In People ex rel. Stevenson Brewing Co. v. Lyman, 69 App. Div., at page 406, 74 N. Y. Supp., at page 1104, Willard Bartlett, J., said:

"This appeal raises two questions: * * * (2) Whether an order of discharge by a city magistrate of the city of New York, reciting a determination that there is no sufficient cause to believe the accused person guilty of a violation of the liquor tax law, is a dismissal of the proceedings on the merits within the meaning of section 25 of that statute. It seems to me that the second of these questions is no longer open to discussion. In the case of People ex rel. Fallert Brewing Co. v. Lyman, 53 App. Div. 470, 65 N. Y. Supp. 1062, it appeared that the city magistrate found there was not sufficient evidence to hold defendant for trial, and therefore discharged her. This was held to be an acquittal and dismissal upon the merits, and this decision of this court has since been affirmed by the Court of Appeals."

Of course, in both of these cases, it was the principal whose acquittal was under consideration, and it is also true that the Excise Commissioner alleges that since those opinions the liquor tax law was amended by adding as a condition precedent the words, "and who shall not have violated any provision of this chapter during the excise year for which said certificate was issued." While it is true, as we have held, that this violation is not required to be proved by a conviction, yet that does not at all affect the question of the effect to be given to an acquittal. If, as the respondent urges, the proceeding is between different parties, to wit, the state and the defendant, and the commissioner and the defendant, this was just as true in the two cases cited. The truth about the matter is that the statute gives certain effect to the result of criminal proceedings upon the civil proceedings for the recovery of the rebate, and we are to look at it from the standpoint of the statute.

I reach the conclusion that the clear intention of the Legislature was that an acquittal should have the same binding effect in favor of the person claiming the rebate as a conviction had against him. Therefore, as it is conceded that the charge upon which the employé was acquitted is the only violation alleged, there is no reason shown why a peremptory writ should not issue.

The order appealed from should be reversed, and a peremptory writ granted, with costs to the appellant. All concur.

