PEOPLE ex rel. GANTZ–WHEELER CONST. CO. v. WHEELER, Treasurer.

(Supreme Court, Equity Term, Ontario County. July, 1910.)

1. MANDAMUS (§ 165*)—RETURN—DEMURRER—STATUTES.

Code Civ. Proc. § 2077, provides that in mandamus each complete statement of facts assigning a cause why the writ ought not to be obeyed, is regarded as a separate defense, and must be separately stated and numbered. Section 2078 declares that the people or the relator may demur to the return, or to any complete statement of facts therein separately assigned as a cause for disobeying the writ as insufficient in law, and section 2079 provides that an issue of fact arises on a denial contained in the return of the material allegation of new matter contained in a return, unless a demurrer thereto is taken; that, where the people or the relator demur to a statement of facts separately assigned as a cause for disobeying the writ, an issue of fact arises as to the remainder of the return. *Held*, that the Code permits a demurrer only to the whole return or to such portion thereof as constitutes a complete statement of facts separately assigned as a cause for disobeying the writ, so that, where a statement of a single cause for disobeying the writ was stated in two separately numbered paragraphs of the return, a demurrer to one of such paragraphs was unsustainable.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 360½–364; Dec. Dig. § 165.*]

2. MANDAMUS (§ 164*)—RETURN—DENIALS—FORMS—NEGATIVES PREGNANT—CONCLUSION.

Where, in mandamus by a contractor against a county treasurer to compel payment of certain moneys applicable to the payment for work done on a road within the county, the petition alleged performance of the contract, the issue of drafts by the state engineer, a separate defense in the return following the language of the petition, denying that the drafts were issued "in accordance with the contract," and "in accordance with the statutes," and assigning that the fund held by the treasurer was "subject to the order of the state engineer," and that the engineer's drafts "were duly issued by said state engineer," but stating no facts indicating any respect in which the orders were not duly issued, were mere negatives pregnant or mere conclusions of law, insufficient to raise an issue of fact, and were therefore demurrable.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 344–360; Dec. Dig. § 164.*]

Mandamus by the People, on the relation of the Gantz-Wheeler Construction Company, to compel Heber E. Wheeler, treasurer of Ontario county, to pay over to relator certain moneys in his hands applicable to the payment for work done on a road improvement in said county. On demurrer to a portion of respondent's return. Sustained in part.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

E. A. Nash and Charles D. Newton, for relator.

P. H. Leahy, for respondent.

SUTHERLAND, J.   Section 2077 of the Code of Civil Procedure, referring to the return to an alternative writ of mandamus, provides that:

"For the purpose of the application, each complete statement of facts, assigning a cause why the command of the writ ought not to be obeyed, is regarded as a separate defense, and must be separately stated, and numbered."

And section 2078 provides that.

"A person, who has made a return to an alternative mandamus, cannot be compelled to make a further return. The people, or the relator, may demur to the return, or to any complete statement of facts, therein separately assigned as a cause for disobeying the command of the writ, on the ground that the same is insufficient in law, upon the face thereof."

And section 2079 provides as follows:

"An issue of fact arises upon a denial, contained in the return, of a material allegation of the writ, or upon a material allegation of new matter, contained in a return; unless a demurrer thereto is taken. Where the people or the relator demur to a complete statement of facts, separately assigned as cause for disobeying the command of the writ, an issue of fact arises, with respect to the remainder of the return."

In the return in this case, there are six separately numbered paragraphs; but there would seem to be only two separate and distinct defenses intended to be set up in the return.   The first paragraph contains only admissions of certain allegations in the petition.   The second and third paragraphs contain nothing more than denials of certain allegations of the petition.   The fourth and fifth paragraphs contain affirmative allegations, and the sixth paragraph contains a denial in general terms of the facts not previously admitted.   The first three numbered paragraphs apparently are to be considered together; while the fourth paragraph begins, "The defendant for a further and separate return and defense * * * alleges," etc.; and the fourth, fifth, and sixth paragraphs are apparently intended to be considered together as constituting the second defense.   The demurrer, however, is taken to separate paragraphs, as follows:

"First. To the denial set up in the 'second' count or paragraph of the return, on the ground that the same is insufficient in law, upon the fact thereof.

"Second. To the denials and matters set up in the 'third' count or paragraph of the return, on the ground that the same is insufficient in law, upon the face thereof.

"Third. To the matters set up in the 'fourth' count or paragraph of the return and each and every part thereof, on the ground that the same is insufficient in law upon the face thereof."

The Code, on the contrary, permits only a demurrer to the whole return or to such portion thereof as constitutes "a complete statement of facts separately assigned as cause for disobeying the command of the writ."

The demurrer to the fourth paragraph is therefore overruled because it does not cover the entire separate defense of which the fourth paragraph is only a part, the fifth paragraph containing allegations of

fraud, which certainly raise an issue of fact to be tried. People ex rel. Slavin v. Wendell, 71 N. Y. 171.

The demurrer taken to the second and third paragraphs will be treated as a demurrer to the first separately assigned defense. And I assume, as the learned counsel, seem to have assumed, that under the sections of the Code quoted above a demurrer may be taken to a separate defense to an alternative writ of mandamus which consists of denials only, without any new matter, although this is not the practice in ordinary sections. Code, § 494.

The phraseology in paragraphs 2 and 3 follows the language of the petition; and the respondent denies that the drafts of the state engineer were issued "in accordance with the contract" and "in accordance with the statutes," and denies that the fund held by the treasurer is "subject to the order of the state engineer," and denies that the engineer's drafts "were duly issued by said state engineer."

These denials do not seem to be sufficient in form. They are either negatives pregnant, or mere conclusions of law. People ex rel. W. B. Co. v. Lyman, 69 App. Div. 399, 74 N. Y. Supp. 1106; Drake v. Cockroft, 10 How. Prac. 377. In paragraphs 2 and 3 the performance of the contract is not denied, and the issuing of the orders or drafts by the state engineer is not denied. The denial is that the drafts were duly issued, or issued in accordance with the contract and the statutes. But no fact is stated in these paragraphs indicating any respect in which the orders were not duly issued, and no issue of fact is raised thereby.

Therefore the demurrer to paragraphs 2 and 3, constituting the first separate defense, should be sustained, with costs; but with leave to the respondent to file a new return within 20 days after the entry and service of the order on payment of said costs.