## COURT OF SPECIAL SESSIONS—NEW YORK CITY,

### Aug., 1913.

## THE PEOPLE v. NICHOLAS DORIA.*

PRACTICE—MOTION TO DISMISS ACTION ON GROUNDS THAT PROOFS DID NOT SHOW REASONABLE CAUSE TO HOLD DEFENDANT.

    While there may be resubmission to a magistrate in a case where he has held an examination and discharged. People v. Shenk, *ante* will not be followed as a precedent, that a case will be resubmitted for the purpose of taking "further proofs," where a magistrate has. held the accused to await trial.

Present: Hons. FREDERIC KERNOCHAN, P. J.; HOWARD J.. FORKER and JOHN FLEMING, JJ.

*Albert Conway, assistant district attorney,* for the People.. *R. Kathan,* for the defendant.

Per Curiam—Motion denied.

FLEMING, J.: This is a motion made by the defendant to dismiss the action on the ground that the proofs taken before the magistrate did not show reasonable and probable cause to authorize the magistrate to hold for trial. The defendant in support of his motion cites the opinion in the case of The People v. Shenk, published in the New York Law Journal on July 30,. 1913. That Shenk case appears to have been tried in the Court of Special Sessions in the Borough of Manhattan.

    I have carefully read the opinion cited, and although the:

---

* See People v. Shenk, 30 N. Y. Crim.

writer states that it is written to " serve as a precedent," I must decline to concur in it. The case at bar should not be dismissed, nor should there be any resubmission to the magistrate. No doubt there may be resubmission to a magistrate in a case where the magistrate has held an examination and discharged. This frequently has been done upon the initiative of complainants and district attorneys, but never for the purpose of taking " further proofs " where a magistrate has held the accused to await trial. It is clearly erroneous to order resubmission in the Shenk case. The magistrate had already determined the question. He required no further proofs to satisfy his mind as to the commission of a crime or as to reasonable cause to believe the accused guilty. If the case went back to the magistrate he would probably refuse to touch it. The fact that the Court of Special Sessions did not think the proofs before the magistrate were sufficient to justify his finding may possibly tend to shake the magistrate's confidence in the judgment he had given, but he is not on that account going to reverse that judgment and discharge the defendant. If he will not or cannot discharge, then it were worse than folly for him to take " further proofs " merely for the purpose of confirming a belief which before he deemed sufficient. If the magistrate sit to take such further proofs would he hold an examination *de novo* or merely take the " further proofs ? " In either case witnesses would have testified before him and the accused would stand before a magistrate who had already condemned him and from whom it were unreasonable to expect any different judgment. In any such contingency the accused, if he have any rights at all, has the right to an impartial hearing before a magistrate who had not predetermined the case. Such predetermining magistrate refusing to act, might send the case to some other magistrate. If so, then such *other* magistrate would hold a new hearing and form his judgment independently of everything that had pre-

viously taken place. Is there to be found in the city any such *other* magistrate—one who, knowing all the circumstances, would venture into such jurisdiction? If there be such and he hold the accused upon proofs no stronger than those submitted upon the first hearing, would a court of Special Sessions again order its resubmission, and if so, how many times would it continue to do so, to the harassment of the accused and to the prejudice of the People?

If after such resubmission the accused came back to the Court of Special Sessions, and a motion made for still further resubmission, would the court after reading all the proofs taken and finding such proofs adequate be a fit court to try the defendant impartially? Would such court actually try the case or order it to be tried before a Court of Special Sessions composed of three judges who had formed or expressed no opinion upon the guilt or innocence of the accused? No doubt it would do this latter, and if so, months might elapse before such a combination of judges could be found sitting upon a bench. All this is an endless chain of doubts, perplexities, vexations, delays and injustice. There are no laws to beget such intolerable conditions.

In this Shenk case the place said to have been maintained by the accused is a centre of vice, and the writer of the opinion seems to have felt that the dismissal of the district attorney's information might result in deplorable frustration of justice; so, though dismissing the information, he does not discharge the accused, but holds him to bail at the discretion of the district attorney, and the accused is now locked up or out on bail awaiting the next move of the prosecuting attorney. This is a remarkable situation, considering that the writer had just determined there was no " reasonable or probable cause " to hold the accused for trial. Now, it is the duty of the magistrate to discharge the accused under such a circumstance ( Code

Crim. Proc., sec. 207; People ex rel. Brewing Co. v. Lyman, 53 App. Div., 470), and unheard of for a magistrate or a court at the close of a hearing to commit the defendant for the purpose of enabling the prosecuting officer to hunt up further proofs.

The unique situation created in the Shenk case is owing to confusion of thought as to the meaning of the words " rules and practice," where they occur in the statutes, and. erroneous conclusions based upon analogy where analogy does not exist. If the opinion in that case were accepted as sound it would be almost impossible in this city to try any misdemeanant who has money enough to hire a lawyer and procure a copy of the stenographer's minutes of the hearing before the magistrate. Under the law as it exists, when a magistrate determines that there is " reasonable and probable cause " to hold the accused, that finding is conclusive upon this court, for this court is not a court of review, and has no right to usurp the prerogative of the magistrate, nor to clothe itself with the powers of a court of review. For this reason I decline to review the testimony taken before the magistrate in the case at bar. I consider it the court's bounden duty not to attempt review of the magistrate, but to proceed to the trial upon the information filed by the district attorney, it appearing that we have jurisdiction of the offense charged and of the offender.