HENRY LYMAN, as State Commissioner of Excise of the State
of New York, Respondent, v. THOMAS H. CHEEVER and
UNITED STATES GUARANTEE COMPANY, Appellants.

LIQUOR TAX LAW — ACTION UPON BOND FOR VIOLATION OF LAW AFTER
SURRENDER OF CERTIFICATE. An action to recover the penalty of a bond
given upon the procurement of a liquor tax certificate, for a violation of
the law after the certificate has been surrendered, is not maintainable.

*Lyman* v. *Cheever*, 52 App. Div. 635, reversed.

(Argued June 3, 1901; decided July 10, 1901.)

APPEAL, by permission, from a judgment entered June 27,
1900, upon an order of the Appellate Division in the fourth
judicial department, affirming an interlocutory judgment over-
ruling a demurrer to the plaintiff's complaint.

The following is the question certified: "Does the com-
plaint in this action state facts sufficient to constitute a cause
of action, to wit, a breach of the condition of the bond in
question?"

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John De Witt Warner* for appellants. The complaint does
not allege that Cheever violated any provision of the Liquor
Tax Law while the business, for which the certificate was
given, was carried on. (*Lyman* v. *Schermerhorn*, 53 App.
Div. 32; *Lyman* v. *Kane*, 57 App. Div. 549; *Matter of*

*Lyman,* 59 App. Div. 217.) The complaint shows on its face that the alleged violations did not occur until after the business had ceased for which said liquor tax certificate was given. (*Lyman* v. *Schermerhorn,* 53 App. Div. 32 ; *Luddington* v. *Pulver,* 6 Wend. 404 ; *People* v. *Chalmers,* 1 Hun, 683 ; *Berry* v. *Schaad,* 28 Misc. Rep. 389 ; *Matter of Lyman,* 59 App. Div. 217 ; *Matter of Klevesahl,* 30 Misc. Rep. 361 ; *Matter of Lyman,* 160 N. Y. 96 ; *Vil. of Cortland* v. *Howard,* 1 App. Div. 131 ; *People* v. *Pillion,* 78 Hun, 74.)

*Nevada N. Stranahan* for respondent. The certificate is not actually surrendered at the time it is tendered to the issuing officer for surrender, as all rights in or under it may be lost if proceedings based on violations of the law are instituted against the holder within thirty days after receipt of the certificate by the state commissioner of excise. (*People ex rel.* v. *Lyman,* 156 N. Y. 407.) The acts alleged in the complaint each constitute a breach of the bond. (*Lyman* v. *Perlmutter,* 166 N. Y. 414.)

HAIGHT, J. The demurrer interposed to the complaint was upon the ground that it failed to state facts sufficient to constitute a cause of action. The action was brought to recover the penalty on a bond given by defendant Cheever as principal, and the defendant, the United States Guarantee Company, as surety, to procure a liquor tax certificate. The complaint, in substance, alleged that on the 30th day of April, 1898, a liquor tax certificate was issued to defendant Cheever upon his giving the bond in question in the sum of $1,000, conditioned, among other things, that the said Cheever would not, while the business for which said liquor tax certificate was given should be carried on, violate any of the provisions of the Liquor Tax Law ; that the said Cheever carried on the business of trafficking in liquor upon the premises described in the certificate until the first day of September, 1898, on which day he surrendered the certificate to the special deputy commissioner of excise for cancellation and rebate, as provided by section 25 of the Liquor Tax Law. The complaint then pro-

ceeds to allege that thereafter, and on the 20th, 22d and 23d days of September, 1898, and within thirty days of the date of the surrender of the certificate, the defendant Cheever sold liquor and beer to be drunk on his premises without having his liquor tax certificate posted, as required by the Liquor Tax Law, and that he had not ceased to traffic in liquors, as provided by section 25 of that law.

The Special Term appears to have been of the opinion that the allegation of the complaint to the effect that the defendant Cheever had not ceased to traffic in liquor constituted a breach of the condition of the bond, and that, therefore, a sufficient cause of action was stated; but this allegation of the complaint must be taken in connection with that which precedes and follows. The pleader first alleged a sale of liquor on the 20th day of September, 1898, by the defendant Cheever to one Emmons J. Swift without having his liquor tax certificate " posted up and displayed in the room or bar of the premises where the traffic in liquors was to be carried on, and that said Cheever had not ceased to traffic in liquors as provided by section 25 of said Liquor Tax Law after the surrender of said liquor tax certificate." As we understand this allegation a specific offense is charged as having been committed on the 20th day of September, 1898, and because of such offense the defendant Cheever had not ceased to traffic in liquors as provided by the statute. In other words, the latter allegation was intended to be a conclusion of law based upon the act alleged to have occurred on the 20th. We think the same construction should be given to the eighth paragraph of the complaint. We thus have the question presented as to whether an action can be maintained to recover the penalty of a bond, given upon the procurement of a liquor tax certificate, after the liquor tax certificate has been surrendered, for a violation of the law thereafter occurring. Under the Liquor Tax Law each corporation, association, copartnership or person who has made application for a permit to traffic in liquor is required to give a bond to the People of the state in the penal sum of twice the amount of the tax for one year conditioned " that if the

tax certificate applied for is given the applicant or applicants will not, while the business for which such tax certificate is given shall be carried on, suffer or permit any gambling to be done in the place designated by the tax certificate in which the traffic in liquors is to be carried on, or in any yard, bocth, garden or any other place appertaining thereto or connected therewith, or suffer or permit such premises to become disorderly, and will not violate any of the provisions of the liquor tax law; and that all fines and penalties *which shall accrue during the time the certificate applied for is held*, and any judgment or judgments recovered therefor, will be paid, together with all costs taxed or allowed." (§ 18.) The object and purpose of the bond, we think, is made quite apparent by the provisions of this statute. The surety thereto becomes obligated to see that the premises do not become disorderly and that no gambling is carried on therein and that the Liquor Tax Law shall not be violated during the time in which the business shall be carried on under the certificate and that all fines and penalties *which shall accrue during the time the certificate is held* shall be paid, etc. As we have seen, the certificate in this case was surrendered on the first day of September, 1898, twenty days prior to the alleged violation of the law complained of. From the date of its surrender it was no longer held by Cheever as a certificate or a permit under which he could continue the traffic in liquors. All fines and penalties theretofore accruing during the time the certificate applied for was held by Cheever, the surety was bound to pay. For this reason section 25 of the law, in making provisions for the surrender of a certificate, prohibits the return of the rebate until after the expiration of thirty days from the date of the surrender, so as to give reasonable time to determine whether the person surrendering the certificate has been guilty of a violation of the law and in consequence is not entitled to a return of a rebate. This provision, however, has no bearing upon the liability upon the bond, for that instrument continues under the provisions of the statute for one year, the time for which the certificate was

issued, or in case of its surrender previous to that time during the time for which it *is held.* Fines and penalties theretofore accruing may be recovered under the bond, not for offenses thereafter committed. We have not overlooked the case of *People ex rel. Miller* v. *Lyman* (156 N. Y. 407). The decision in that case was rendered by a divided court, and we are now of the opinion that the doctrine of that case should not be extended beyond the question decided. In that case the question as to the right to the return of the unearned liquor tax was involved and not the question as to the right to recover a penalty under the bond. The two cases are clearly distinguishable.

The interlocutory judgment should be reversed, with costs, and the question certified answered in the negative.

PARKER, Ch. J., BARTLETT, LANDON, CULLEN and WERNER, JJ., concur; VANN, J., not voting.

Judgment reversed.