(39 Misc. Rep. 107.)

### SHEA v. FIDELITY & CASUALTY CO.

(Supreme Court, Special Term, New York County. October, 1902.)

1. LIQUOR TAX—RELEASE OF BOND.

A principal on a bond given under the liquor tax law continues liable until the statute of limitations has barred any action on the bond, and until then he cannot recover from the surety money deposited with him to be held by him during the term of the bond and until all liability thereunder has ceased.

Action by Patrick J. Shea against the Fidelity & Casualty Company. Demurrer to complaint sustained.

Voepel & Wahle, for plaintiff.

Nadal, Smyth & Carrere, for defendant.

SCOTT, J. The plaintiff, being about to engage in the business of trafficking in liquor, procured the defendant to give the bond required by the liquor tax law. An agreement was thereupon made between plaintiff and defendant whereunder plaintiff deposited with defendant the sum of $1,600 (the amount of the bond), which he agreed should be held by defendant as indemnity during the term of said bond, or any renewals, extensions, or changes thereof, "and until all liability thereunder has ceased." It was further agreed that, if the defendant should sustain no loss, damage, costs, charges, and expenses, it would, upon demand, "and upon complete and satisfactory evidence of the cancellation and discharge of the company's liability as such surety," return the money so deposited. The term for which the bond was issued has expired, and it has not been renewed or extended. The company has suffered no loss under it, and the complaint alleges that there are not at present, undetermined in any court of record, or not of record or before any referee, any civil or criminal action or proceedings arising out of, or affecting, or in any way relating to, the business carried on by plaintiff in connection with which the bond was given. The question, therefore, is whether the defendant's liability on the bond has ceased, and whether the facts stated in the complaint can be said to be satisfactory evidence of the cancellation and discharge of the defendant's liability as surety. The purpose of the deposit of the money was, as the agreement clearly shows, the complete indemnification of the defendant. The liquor tax law makes no provision for a cancellation of such a bond as defendant gave, and the defendant can be wholly indemnified only when a reasonable possibility no longer exists that it can be called upon to pay upon the bond. The liability of a surety upon a bond given under the liquor tax law does not terminate at the end of the year for which the bond is given, but extends beyond that term so far as concerns offenses committed during the year for which the bond is given, or, in case of surrender, during the time that the certificate is held. Lyman v. Cheever, 168 N. Y. 43, 60 N. E. 1047. The defendant's liability, therefore, will continue until the statute of limitations stands in the way of any action upon the bond. The plaintiff seeks to establish the proposition that the defendant no longer rests under any liability by alleging that during the time for which the

bond was issued he "did not suffer or permit any gambling to be done in the place designated in the tax certificate, or in any yard, booth, garden, or other place appurtenant thereto or connected therewith, or suffer or permit such premises to become disorderly, and did not violate any of the provisions of the liquor tax law, and that no fines and penalties accrued against him during the time the certificate was held, and that no judgment or judgments for any fines and penalties were recovered, nor any costs taxed or allowed," and that he has in all respects complied with the laws of the state of New York governing the traffic in liquors. He insists that the demurrer admits all these facts to be true as alleged, and therefore that it stands admitted that no cause of action exists under which the defendant can possibly suffer liability upon its bond. Even if these facts are true, as alleged, can it be said to be certain that the defendant will ever be called upon to pay anything upon the bond? If an action were brought, the question whether or not any penalty had been incurred would resolve itself into a question of fact, which would have to be determined by fallible men, who might find the fact against the plaintiff, notwithstanding the verity of his denials. But, apart from this consideration, the indemnity covers not only fines or penalties that may be imposed, but also all costs, charges, and expenses incurred by the defendant by reason of having become a surety upon the bond. If an action should be brought, even though upon a trial it should be decided that the plaintiff had done or suffered to be done nothing for which a fine or penalty could be imposed, still the defendant would unquestionably be put to costs, charges, and expenses in defending the action to a successful issue. My conclusion is that the facts stated in the complaint do not show that the defendant's indemnification is as yet complete. The demurrer must therefore be sustained, with costs.

Demurrer sustained, with costs.