INHABITANTS OF RUMFORD

*vs.*

THE BOSTON GROCERY COMPANY, et als.

Oxford.   Opinion October 6, 1913.

*Bona Fide.   Bond.   Breaches.   Colorable.   Exceptions.   Gambling.   Lease. License.*

1. A bond given by the keeper of a pool room, under Revised Statutes, chapter 31, section 5, when he receives his license, remains in force only so long as he continues to keep the room under his license.
2. He ceases so to keep it, if he actually rents it to another party, reserving no interest in it.
3. Only the defendant company could keep the room under that license. If it ceased to keep the room, it no longer acted under the license, and the purpose for which the bond was given ceased.
4. The question whether the renting was actual or colorable was one of fact and should have been submitted to the jury.

On exceptions by the defendants.   Exceptions sustained.   Judgment for the defendants.

This is an action of debt on a bond given under section 5, of chapter 31 of the Revised Statutes.   The defendant company was licensed on May 6, 1912, by the municipal officers of Rumford, to keep a pool room, and said license was to expire May 1, 1913.   The conditions of the bond were that licensee should not permit gambling in or about the premises, or permit the pool room to be opened or used between ten o'clock in the evening and sunrise.   The plaintiffs claimed breaches in both of these conditions.   The defendants claimed that prior to the alleged breaches, it had rented the pool room, tables and paraphernalia connected therewith to one Cohen, and that thereafter it did not keep the pool room and had no interest in or control over it.   The defendants pleaded the general issue and filed a brief statement.

At the conclusion of the testimony, the presiding Justice directed a verdict for the plaintiff, with the stipulation, agreed to by the parties, that if the Law Court should determine that the direction was erroneous, judgment should be rendered for the defendants. The defendants excepted to the direction.

The case is stated in the opinion.

*James B. Stevenson,* for plaintiffs.

*Albert Beliveau,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHIL-BROOK, JJ.

SAVAGE, C. J.   Debt on bond.   On May 6, 1912, the defendant company was licensed by the municipal officers of Rumford to keep a pool room.   By its terms, as well as by statute, R. S., ch. 31, sect. 4, the license was to expire May 1, 1913.   The defendants gave the bond required by section 5 of the same chapter, which is the bond in suit.   The bond was conditioned that the licensee would not permit gambling   .   .   .   in or about the premises, or permit the pool room to be opened or used between ten o'clock in the evening and sunrise.

The plaintiff claims that there were breaches of both of these conditions during the term of the license.   The defendant company did not deny the facts which the plaintiff claims constituted the breaches, but contended, and offered evidence tending to show, that prior to the alleged breaches it had rented the pool room, pool tables, and paraphernalia connected therewith to one Cohen, and that after such renting it did not keep the pool room, and had no interest in the business, nor control or management of it.   To this the plaintiff's reply is, first, that the renting or transfer to Cohen was colorable only, and not bona fide, and, secondly, that, even if the renting to Cohen was real and bona fide, it did not relieve the defendants from liability for breaches of the bond during the entire period of the license, which ended May 1, 1913.

At the conclusion of the testimony, the presiding Justice directed a verdict for the plaintiff, with a stipulation, agreed to by the parties, that if the Law Court should determine that the direction was erroneous, judgment should be rendered for the defendants. The defendants excepted.

If the renting to Cohen was colorable merely, and the defendant company afterwards continued to be the real proprietor of the pool room, keeping it under the license, the case shows indisputably that the plaintiff is entitled to recover, and that the verdict was properly directed. But whether the renting was real, or merely colorable, was a question of fact, and there was sufficient evidence upon this issue of fact to go to the jury. So that, so far as the plaintiff's right to recover depended upon this issue, the presiding Justice erred in taking the case from the jury; and the exceptions must be sustained, unless the plaintiff's second point is tenable, namely, that the defendants are liable in any event for breaches during the term of the license, whether the defendant company continued to keep the pool room itself, or rented it to another.

We think this latter point cannot be sustained. The company was licensed to keep a pool room. At the time it received its license it gave the bond. The two went together. The bond itself did not specify the period during which it should remain in force. That period is specified in the license. The bond was to remain alive so long as the license was alive, and being used. The bond was to secure the performance of the conditions of the license while, and so long as, the pool room was kept under the license. The license was not transferable. Only the defendant company could keep the room under that license. If it ceased to keep the room, it no longer acted under the license, and the purpose for which the bond was given ceased.

We therefore hold that a bond given by the keeper of a pool room, under R. S., ch. 31, sect. 5, when he receives his license, remains in force only so long as he continues to keep the room under his license, and that he ceases so to keep it, if he actually rents it to another party, reserving no interest in it. The ruling below having been in effect contrary to these views, the exceptions must be sustained, and in accordance with the stipulation, judgment must be rendered for the defendants.

*Exceptions sustained.*
*Judgment for the defendants.*