HERBERT S. SISSON, as State Commissioner of Excise of the State of New York, Appellant, *v.* SAMUEL H. HERTZBERG, Respondent.

Fourth Department, July 1, 1919.

Intoxicating liquors — traffic in liquor upon premises penalized for being disorderly — action to recover penalty for breach of bond — sufficiency of complaint — order penalizing premises does not ipso facto make subsequent liquor tax certificate void — remedy of holder of subsequent certificate.

A complaint, in an action to recover the penalty for the breach of a bond given by the defendant upon the issuance to him of a liquor tax certificate by reason of his violation of the Liquor Tax Law in selling liquor upon the premises within the period of a year after they became penalized for being disorderly, which alleges, in effect, that said premises were penalized for the period of one year from the 14th day of December, 1917, and during that time it was unlawful to traffic in liquor thereon; that said order was affirmed upon appeal on the 8th day of January, 1918; that the defendant procured a liquor tax certificate for said premises for the excise year beginning October 1, 1917, and his bond contained a condition that he would not violate any provisions of the Liquor Tax Law; that said defendant continued to traffic in liquor at said premises after December 14, 1917, and after January 8, 1918, and did sell liquors thereat during March, 1918, states a cause of action, and, therefore, an order sustaining a demurrer to said complaint and dismissing the same upon the merits must be reversed.

The order of December 14, 1917, did not *ipso facto* make the defendant's liquor tax certificate void. If he had ceased to traffic in liquor at the certificated premises immediately on the entry of the order his certificate might have been transferred or he might have surrendered the same and procured a rebate.

APPEAL by the plaintiff, Herbert S. Sisson, as State Commissioner of Excise, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 20th day of February, 1919, sustaining a demurrer to the complaint and dismissing the same upon the merits, upon the decision of the court after a trial of the issues of law at the Oneida Special Term.

*Harry D. Sanders* [*Fred A. Baldwin* of counsel], for the appellant.

*Sisson & Bray* [*Fred J. Sisson* of counsel], for the respondent.

DE ANGELIS, J.:

The action was brought to recover the penalty for the breach of a bond given by the defendant upon the issuance to him of a liquor tax certificate by reason of his violation of the Liquor Tax Law (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], § 23, subd. 4, as amd. by Laws of 1917, chap. 623) in selling liquor upon the premises certificated within the period of a year after they became penalized for being disorderly.

The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The Special Term sustained the demurrer and dismissed the complaint. The complaint states these facts:

For the excise year beginning October 1, 1916, one Charles R. Hertzberg held a liquor tax certificate authorizing him to traffic in liquor at the premises No. 201 Bleecker street, in the city of Utica, under the provisions of subdivision 1 of section 8 of the Liquor Tax Law.

On the 20th, 23d and 24th days of March, 1917, Charles R. Hertzberg suffered and permitted the premises so certificated to become, be and remain disorderly. In a proceeding instituted by the State Commissioner of Excise in the Supreme Court an order was duly made and entered in the office of the clerk of Oneida county on the 14th day of December, 1917, determining that such certificated premises were disorderly as stated above and revoking such certificate. An appeal was taken by Hertzberg from such order to this court and after hearing the parties this court made an order which was duly entered in the office of the clerk of Oneida county on the 8th day of March, 1918, affirming the order appealed from. By reason of the foregoing facts the premises No. 201 Bleecker street became and were penalized for the period of one year from the 14th day of December, 1917, and during that time it was unlawful to traffic in liquor at such premises.

In accordance with section 17 of the Liquor Tax Law (as amd. by Laws of 1917, chap. 623), the tax certificate issuing officer of Oneida county issued to the defendant, Samuel H. Hertzberg, liquor tax certificate No. 11962, authorizing him to traffic in liquor pursuant to the provisions of subdivision 1 of section 8 of the Liquor Tax

Law at the premises No. 201 Bleecker street for the excise year beginning October 1, 1917. Before the issuance of such certificate the defendant filed with such officer a bond bearing date September 29, 1917, executed by the defendant as principal to the People of the State of New York in the penal sum of $1,440 conditioned that the defendant would not violate any of the provisions of the Liquor Tax Law, and in lieu of sureties the defendant filed with the State Commissioner of Excise on or about September 29, 1917, a certificate of deposit for $1,640 duly indorsed and payable to the State Commissioner of Excise. Among the conditions of this bond was the condition that the defendant would not violate any of the provisions of the Liquor Tax Law.

The defendant continued to traffic in liquor in the same place after December 14, 1917, and after January 8, 1918, and did on the 20th day of March, 1918, in the same place, sell and deliver to one William Cantor three glasses of whisky and one glass of lager beer which were drunk on the premises where sold, and at the same time and place did sell and deliver to Louis Eilperin two glasses of whisky which were drunk on the premises where sold.

Judgment was demanded for the penalty of the bond by reason of the violation of its conditions set forth above.

The learned justice at Special Term cited two cases in his opinion to support the conclusion at which he arrived, to wit, *Lyman* v. *Cheever* (168 N. Y. 43) and *Farley* v. *Scherno* (208 id. 269). I am unable to find any support for his decision in either case. In *Lyman* v. *Cheever* the alleged violation of the Liquor Tax Law occurred after the liquor tax certificate in connection with which the bond was given had ceased to exist, the certificate having been surrendered before the happening of the act which was claimed to constitute the violation of the law and a breach of the condition of the bond. In the *Scherno* case the certificate attempted to authorize traffic in liquor on the United States government property. A certificate might just as well have attempted to authorize the traffic in liquor in Canada. The certificate and bond were clearly void.

In the case at bar the order of December 14, 1917, did not, *ipso facto*, make the defendant's liquor tax certificate void.

If the defendant had ceased to traffic in liquor at the certificated premises immediately on the entry of the order, his certificate might have been transferred to other premises or he might have surrendered the same and gotten his rebate. Instead, he defied the law and persisted in trafficking in liquor at the penalized premises and thereby forfeited the penalty of the bond.

As I recall it, the execution of the order entered December 14, 1917, was stayed pending the appeal, so that we do not pass upon the question whether or not the year of the penalization of the premises began December 14, 1917, or March 8, 1918.

It follows from the foregoing that the judgment appealed from must be reversed, with costs, with leave to the defendant to withdraw his demurrer and plead over within twenty days after the entry of the judgment of reversal, service of a copy thereof with notice of its entry upon his attorneys, and payment of the costs.

All concurred.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to the defendant to plead over within twenty days upon payment of the costs of the demurrer and of this appeal.